DETERMINED . IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

MARCH TERM, 1889.

---

## LEWIS L. CARLISLE, PLAINTIFF IN ERROR, v. JOHN E. KNAPP, DEFENDANT IN ERROR.

The third section of the act to secure mechanics and others payment for their labor and materials in erecting any building (*Rev., p.* 668), does not afford a remedy for one who has sold and delivered materials used in a building by a sub-contractor.

---

On error to the Essex Circuit Court.

For the plaintiff in error, *Frederick H. Pilch.*

For the defendant in error, *Edward M. Colie.*

The opinion of the court was delivered by

THE CHANCELLOR. The defendant in error contracted, in writing, with Messrs. Robinson & McDowell to do all the work and furnish all the materials in the erection of a dwelling house, and the contract thus made was filed in accordance

with the requirements of the second section of the Mechanics' Lien law. *Rev., p.* 668. Messrs. Robinson & McDowell, in turn, contracted with Culver & Miller to do all the mason work which the contract with the defendant required, and Culver & Miller bought from the plaintiff Carlisle materials which they used in the performance of their work. Carlisle, not having been paid for such materials by Culver & Miller, made demand for payment upon Robinson & McDowell, and, upon their refusal to pay, gave notice of such demand and refusal to the defendant Knapp. Suit was then brought by Carlisle against Knapp by virtue of the act to secure to mechanics and others payment for their labor and materials in erecting any building. *Rev., p.* 668. The declaration contains all the averments necessary to the maintenance of an action under the third section of that act, and if such an action can be maintained by one who has furnished materials to a sub-contractor, there must be a recovery. The demurrer raises the question here suggested.

By its terms, the first section of the Mechanics' Lien law makes every building, and the lot or curtilage upon which it is erected, liable for the payment of any debt contracted with and owing to any person for labor performed or materials furnished in the erection and construction of the building, but the lien thus generally given is restricted by the second section, in cases where the building shall be erected by contract, in writing, and such contract shall be filed in the office of the county clerk, to the contractor alone. The effect of this restriction is to release the owner from the necessity, annoyance and trouble, for his own protection, of supervising the payment of all labor and materials, by confining his liability to the person with whom he expressly contracts.

The design of the third section of the act is to afford workmen and materialmen a remedy where they can have no lien. It, in short, contemplates that when the contractor shall be indebted to any one of them, and, upon demand, shall refuse to pay that which he owes, notice of the amount due, and the contractor's refusal to pay it, may be given to the owner, and

he, upon being satisfied of the justice of the claim, if he shall owe the contractor, shall notify him of the claim, and if the contractor fails to pay it, he shall pay it and be entitled to credit for the payment in his account with the contractor. The notice, under the circumstances stated, operates as an assignment *pro tanto* of the debt due from the owner to the contractor. The persons intended to be benefited by the section are the persons who have the right to demand payment from that contractor with whom the owner has an account. The construction of the statute contended for by the plaintiff in error, that there is no limit of the materialmen who may resort to the owner, would lead to hardship and inconvenience by putting the owner and contractor upon inquiry, through successive dealers in the materials used in the building, to find who has or who has not been paid by his immediate debtor. Under such a construction, any unpaid dealer, however remote, may demand payment; and it admits of a situation that may be oppressive to the contractor, where an irresponsible sub-contractor may, by extravagant purchase of material, which will be paid by the owner from the contractor's fund, so far exhaust the sub-contractor's price that the remainder of it will not suffice to enable him to complete his work or the principal contractor to do it without loss. Other disastrous consequences of such a construction are readily conceivable. *Phil. Mech. L.,* § 49. But, on the other hand, if the statute is so construed that the right to demand payment shall be confined to the creditor of the contractor, the procedure is simplified, and protection is justly afforded to all immediately concerned in the building. With reference to the journeyman or laborer, the remedy extended by the section considered is expressly restricted to the employe of the contractor. As this section was originally framed it did not extend to materialmen, but in 1853 (*Pamph. L., p.* 437), it was carelessly amended by inserting between the words "refuse to pay" and the words "any journeyman" the words "any person who may have furnished materials used in the erection of any such house or other building or," leaving the

section without any provision for notice by the materialman to the owner, and requirement that the owner shall retain the amount due to the materialman and pay it to him.   The purpose of the amendment obviously was to give the materialman the same remedy as the workman, and in the Revision of 1874 the purpose it indicated was pursued by the insertion of words that, in effect, provided that the materialman could give notice and have the amount due to him retained by the owner and paid to him.   Legislation originating so loosely, justifies the conclusion that the language of the enactment is not to be so closely followed as to defeat the obvious intention that the remedy provided by the third section is to extend only to creditors of the contractor with the owner.   Then, as to materialmen, the statute should be read as extending to any person who may have furnished materials *to such contractor.*

The plaintiff in error did not furnish materials to Robinson & McDowell, and was not their creditor.   He had no right to demand payment from them.   His debtors are Culver & Miller, and he must look to them.   The statute does not afford him a remedy.   The judgment below will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE.   12.

*For reversal*—None.