THE ANDERSON LUMBER COMPANY, PLAINTIFF IN ERROR,
   v. WILLIAM S. FRIEDLANDER, OWNER, AND GEORGE
   B. DAVENPORT, BUILDER, DEFENDANTS IN ERROR.

1. Under the supplement to the Mechanics' Lien law of June 19th, 1890, a lien cannot be filed by any one except the contractor, when the contract is duly filed, unless the owner makes a payment to the contractor without taking the releases provided for in said act.

2. If no such payment is made, the remedy of the laborer or materialman is to give notice to the owner according to the third section of the lien law. If a payment is made by the owner to the contractor without such releases, then the laborer or materialman may file and enforce his lien without resorting to his remedy under the third section.

3. The burden is on the laborer or materialman to show that payment has been made by the owner to the contractor, and then the owner, to bar the lien, must show that he has taken the releases.

---

On error to the Passaic Circuit.

For the plaintiff in error, *Thomas C. Moore.*

For the defendants in error, *Collins & Corbin.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This is an action upon a Mechanics' Lien claim.

Friedlander, the owner, made a contract with Jeroleman & Craft for the erection of a building on his lands in Passaic county, which contract was dated September 6th, 1890, and filed September 9th, 1890.  The contract contained no stipulation for the production and delivery by the contractor to the owner of release and affidavit, such as are mentioned in the act of June 19th, 1890.    *Pamph. L., p.* 479.

Jeroleman & Craft made a sub-contract with the defendant Davenport, dated October 25th, 1890, for the mason work of said building, and Davenport, in the execution of said sub-contract, purchased brick and other materials of the plaintiff for said building, amounting to the sum of $489.48.

It appeared that Davenport did not complete his contract with Jeroleman & Craft; but the materials furnished by the plaintiff had been used by him in the erection of the building before he gave up the work.

Upon this state of facts the plaintiff was non-suited in the trial court.

The Mechanics' Lien law, as it read prior to 1890, provided :

"1. Every building hereafter erected or built within this state shall be liable for the payment of any debt contracted and owing to any person for labor performed or materials furnished for the erection and construction thereof, which debt shall be a lien on such building and on the land whereon it stands, including the lot or curtilage whereon the same is erected.

"2. When any building shall be erected in whole or in part by contract in writing, such building, and the land whereon it stands, shall be liable to the contractor alone for work done and materials furnished in pursuance of such contract; *pro-*

*vided,* such contract, or a duplicate thereof, be filed in the office of the clerk of the county in which such building is situate before such work done or materials furnished."

Section 3 provides for notice to the owner to retain in his hands the amount due to any laborer or materialman when the contractor shall, upon demand, refuse to pay.

From the second section above quoted the supplement of 1890 strikes out the last seven words, and to it adds the following:

"*And further provided,* that at the time of the making of the payment of the price stipulated and agreed to be paid therein, and every installment thereof, the contractor or contractors shall produce and deliver to the owner or owners of such building the release of all persons who may then have furnished materials used in the erection of such building, and of all journeymen employed in the erecting or construction thereof, and who may have a lien upon such building or lands by virtue of this act, releasing their lien on such building and on the said land whereon it stands, including the said lot or curtilage whereon the same is erected, for the payment of any debt contracted and owing to them for labor performed or materials furnished for the erection and construction of such building, in accordance with a stipulation to that effect to be inserted in such contract, which release shall have thereunto annexed an affidavit made and subscribed by such contractor, before any public officer of this state authorized to administer oaths and affirmations, setting forth the names and residences of all such materialmen, journeymen and laborers, and the several sums of money due to each of them, respectively, for work done or material furnished in the erection of such building, and further setting forth that such materialmen, journeymen and laborers, and no other person or persons, have any lien upon such building or lands by reason of work done or materials furnished for the erection and construction of such building." *Pamph. L., p.* 479.

The first section of the law above set forth gives a lien to the laborer and materialman in all cases.

The second section, as it stood prior to 1890, and as now amended, provides a way in which the building may be protected from lien, except for the claims of the contractor.

The second section, neither before nor after its amendment, was intended to confer the right to lien. Its purpose was to limit the general right to lien conferred by section 1.

The difficulty in this case arises from the peculiar phraseology of the act of 1890. It certainly is obscure and fails to express with clearness the purpose which its draftsman had in view, yet, I think that, without violating settled rules of interpretation, a construction may be put upon the words, "in accordance with a stipulation to that effect to be inserted in the contract," which will give effect to the purpose of the amended section, so far as it can be discerned in the language used.

It cannot be that, in order to make the amendment applicable and secure immunity to the owner, there must be a stipulation in the contract that a release shall be produced to the owner.

Such a reading of the statute would render it absurd. If every one who has a claim for labor or material releases the owner, the right to lien must be equally extinguished whether or not there is a contract filed, or a stipulation inserted in it that the contractor shall secure releases to the owner. Such a provision in the contract adds nothing to the force and value of a release.

The proper antecedent to the language above recited are the words immediately preceding it, and it must be read as follows: "For the payment of any debt contracted and owing to them for labor performed or materials furnished for the erection and construction of such building, in accordance with a stipulation to that effect to be inserted in the contract."

To discharge the liability to a lien for work done under a contract, not only must the contract be filed, but at the time the owner makes any payment due the contractor he must procure from him a release, executed by every laborer and materialman for such labor and materials as were requisite to

be used in the performance of the contract work. For all labor done and materials used in doing the work specified in, the contract, a release must be presented to defeat the right to lien. If the owner makes a contract with A to do the mason work of the building, and a contract with B to do the carpenter work, then the fact that the owner makes a payment to B on the carpenter work, without releases from those who have been employed in such carpenter work, will not give rise to the right to file a lien by those who were engaged in the contract mason work, and *vice versa.* Of course, for all work: done outside of the contracts filed a lien attaches in virtue of the first section of the law. The language of the act is inaptly chosen and not free from obscurity, but it is susceptible of such a construction.

The third section, allowing notice to be given to the owner to retain money due the contractor in his hands, is still in force, and, in my judgment, the controlling object of the framer of the act of 1890 was to render this section more effective as a protection to the laborer and materialman. The mischief was that the owner often paid the contractor what was due him under the contract before the laborer or materialman could give notice to the owner, under the third section, to retain the amount due the contractor, and they were thus deprived of the remedy which said section was intended to provide.

The act of 1890 was designed to prevent this alleged injustice.

The remedy provided is this: the owner shall not make any payment at any time, which may become due to the contractor under the terms of his contract, unless the contractor produces to him the release of every laborer and materialman who has a claim for work done or material furnished in the execution of the work embraced in such contract.

In this way the money due the contractor is retained in the owner's hands, so that the laborer and materialman may give notice, under the third section, to the owner to retain, and proceed under that section to recover what is due them. But

where the contract is duly filed, no lien, except to the contractor, can attach to the building, nor can a lien claim be legally filed for work done and materials furnished in the execution of such contract work, so long as the owner does not make a payment to the contractor without the releases required by the act of 1890.   If the owner makes payment to the contractor without releases, then the laborer or materialman need not resort to the third section, but may pursue his remedy by filing his lien claim.

In the case under review, the contract with specifications was duly filed.   It does not appear in the case whether any payment has been made by the owner to the contractor upon his contract work.   Payment will not be presumed, it must be proved, and the burden of proof will lie upon the lienor who seeks to build upon it his right to file and enforce his lien claim.   When such proof of payment has been presented, the burden of proof will be shifted to the owner to establish the fact of release.   Release will not be presumed, it likewise must be proven, and it must be shown by the owner who asserts it in his defence to the lien claim.

The plaintiff below was properly non-suited, because he failed to show that the owner had made any payment to the contractor.

The judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, MAGIE, REED, VAN SYCKEL, WERTS, BOGERT, BROWN, CLEMENT, KRUEGER, SMITH, WHITAKER.   14.

*For reversal*—None.