Bradley & Currier Co. v. Berns.

THE BRADLEY & CURRIER COMPANY, LIMITED,

*v.*

OTTO BERNS.

1. An order drawn by a creditor upon funds in the hands of his debtor, and not accepted by the debtor, is an equitable assignment of the funds in the hands of the debtor to the amount of said order, and can only be enforced in a court of equity.

2. Where the relation of creditor and debtor has arisen under the second section of the Mechanics' Lien law and the supplement thereto, passed June 19th, 1890, and the creditor, the contractor, has given an order upon his debtor, the owner, but which has not been accepted, the holder cannot enforce the payment of such an order without showing a compliance with the requirements of the statute and the supplement, and a bill without proper averments showing such compliance is demurrable except in cases where default has been shown upon the part of the owner, which appears as sufficient excuse for non-compliance with the statute.

3. Where, under a building contract, a certain amount is to be paid at the completion of the building, and the contractor neglects or refuses to complete the building by the time agreed upon or within a reasonable time thereafter, and the owner also neglects and refuses to complete it, as, by the terms of the contract, he has a right to, the holder of such order may file his bill requiring such owner to complete the building and compel administration of the funds in his hands amongst himself and all others interested therein, without the production of the releases and affidavit spoken of in the said supplement, and to that end it is necessary that all persons who have any interest in the fund .

still remaining in the hands of the owner should be made parties, so that their respective rights may be decreed and the owner thereby protected from all further litigation.

On demurrer to bill.

*Mr. Elias F. Morrow,* for the demurrant.

*Mr. Elwood C. Harris,* for the complainant.

BIRD, V. C.

It appears by the bill of complaint that the complainant obtained an order from the contractor, under a building contract, for $515, the amount of his bill for materials furnished for the erection of the buildings, which order was directed to the defendant, the owner of the said buildings. This order was properly served upon the defendant, but he refused to accept it or to pay the amount mentioned therein. The first cause of demurrer is that it does not appear in the bill of complaint that the defendant accepted the said order or that he ever agreed to pay the same. As I understand the law in this respect, the rights of the complainant as against the defendant did not and do not depend upon the defendant's formally accepting this order. The order which was delivered to the complainant by the contractor was an equitable assignment of so much of the moneys which were in the hands of the defendant which were due or which might become due to the contractor, and the right of the complainant to collect the amount due from the defendant, in this court, does not depend upon his accepting such order provided he has the funds in hand wherewith to pay the same, upon which no other person has an equal or superior claim. *Superintendent of Schools* v. *Heath,* 2 *McCart.* 22.; *Wightman* v. *Brenner,* 11 *C. E. Gr.* 489; *Burnett* v. *Mayor and Aldermen of Jersey City,* 4 *Stew. Eq.* 341; *Shannon* v. *Common Council of Hoboken,* 10 *Stew. Eq.* 123; *Terney* v. *Wilson,* 16 *Vroom* 282; *Kirtland* v. *Moore,* 13 *Stew. Eq.* 106; *Brokaw* v. *Brokaw,* 14 *Stew. Eq.* 215.

Another cause of demurrer is the want of allegation that there is really anything due to the contractor because it is not alleged

that they actually finished the buildings concerning which the contract was entered into, and also that it does not appear that the certificate of the architect, to the effect that the said building was completed according to the terms of the contract, has ever been produced.

I think the allegations of the bill meet the requirements of the case. The bill shows that, whilst the buildings are substantially completed and that the defendant has entered into possession thereof, rented the same and is in the receipt of rents and profits thereof, they are not fully completed according to the terms of the contract, but that the additional amount of work and material necessary to complete the same will be very slight. It also appears that the defendant, by his contract, was authorized to proceed and complete the said buildings according to the terms of the contract, after the contractor had neglected for three days so to do, upon giving notice to the contractor to that effect; and it further appears that, by the contract, the contractor undertook to build the said buildings by the 1st day of September, 1892.; and also that the said complainant requested the said defendant to complete the said buildings in order that the true balance due upon the said contract might be ascertained. This statement shows that it was within the power of the said defendant to complete the said buildings, and also shows that under the said contract it was his duty to proceed to complete them, in order that he might ascertain the amount, if any, which still remained due to the contractor. It also makes it manifest that if the architect had been attending to the erection of said buildings and had given certificates of their completion, step by step, according to the terms of the contract, that nothing further was required of the complainant, so far as the services of the architect might be required for the protection and benefit of the defendant, because the complainant acknowledges that the buildings are incomplete. Neither the time nor the occasion had arrived for the interference or aid of the architect. Nevertheless, it does appear by the bill of complaint that the complainant requested the architect to proceed to an examination of the said building,

and to make his report thereon, with which request he absolutely refused to comply.

It is assigned as cause of demurrer that there is no allegation in the bill that releases have been procured and presented to the defendant, releasing the rights and interests of all other laborers and materialmen who may have done and performed work upon, or supplied material for, the erection of the buildings named in the bill of complaint, together with an affidavit that no others did work or supplied materials. As the bill stands, this is good cause for demurrer. I have no doubt but, from the facts which do appear upon the bill, it might be so framed as to do justice to all parties interested, and completely protect the defendant as owner, without the allegation that the releases required by the statute were produced, together with the affidavit, as will be shown hereafter. I may state here that this view is suggested by the fact already referred to, that the buildings are not completed, and that the occasion, therefore, has not been reached when by any possibility the contractor could procure such releases and make such an affidavit, upon which he would be entitled to demand, by force of this statute as amended, the third and last installment, which only is due upon the completion of the building. As the statute now stands, the owner is not obliged to make any payments to the contractor until he is furnished with these safeguards. The complainant is in no better position than the contractor himself. The fact that the complainant was also a materialman, furnishing goods for the erection of said buildings to the amount of the order under which it claims, cannot improve its condition, since it does not file its bill to recover by virtue of an allegation that it is such materialman, and that the owner has made payments so that he may proceed under the supplement passed June 19th, 1890, but relies solely upon the position given to him by virtue of the order; that is the same position the contractor himself would occupy. This view is sustained by the interpretation of the supplement passed June 19th, 1890, in the case of *Anderson* v. *Friedlander*, *25 Vr. 375.* Nor do I find any satisfactory reason in the bill

for the non-production of the releases and affidavits required by the statute.

It is also said that there is no allegation charging any connivance upon the part of the defendant at the neglect or refusal of the contractor to complete the buildings. I do not think there are any substantial grounds for demurrer in this. It is very apparent that several months have elapsed since the buildings were to have been completed under the contract, and since the defendant has taken possession of the same, and since he had a right to insist upon it that the buildings should be completed by the contractor, or that he complete them himself. It was his duty to do the one or the other. The result to those who are interested in the money earned under the contract, whether they be laborers or materialmen, is the same, whether contrived in actual fraud or in the merest indifference. It cannot be pretended that he could hold his hands and thus avoid indefinitely the payment of a large sum of money. Could he do this the lien law would indeed be an instrument productive of great mischief. In such case equity cannot fail to administer relief. It will see to it that the rights of all parties are protected. The owner will be required to complete the contract and to be compensated therefor, and if there be any balance of the contract price remaining, those who are interested therein will be enabled to establish their rights. The claim that the complainant has a remedy at law is without any foundation whatsoever. See cases *supra*. Its rights under an order not accepted are purely equitable, and relief in such cases can only be administered in equity. As the case stands, there is no legal liability whatsoever upon the part of the defendant.

Another cause of demurrer is the absence of the contractors as parties defendant to this suit. It is urged that they have some interest in the balance that is due from the owner. It may be true that they have an interest in whatever may appear to be due over and above the amount of this order, so far as to have it appropriated to the payment of any other liabilities, if there be such, and if not, to be paid to themselves. Such right, however, is not of itself, in a case like the present, sufficient to justify

Bradley & Currier Co. v. Berns.

the court in saying that they are necessary parties. The complainant asks nothing of the contractors. It asks from the defendant, the owner, that which the contractors have by their order conceded to be due them, so that the contractors no longer have any interest in so much of the money in the hands of the defendant as shall be necessary to discharge the amount of the order. The bill, it will be perceived, only looks to such an adjustment of the case as will enable the complainant to recover the amount of the order. No effort whatever is made to otherwise dispose of the case. And I think that if the real *status* of the case had been such that the complainant could have produced the releases and the affidavit required by the statute, and they had been so presented before the filing of this bill, the allegations, as they now stand, although not very specific or distinct, would be sufficient under the prayer for general relief to justify the court in requiring the defendant to answer. And upon the other hand, I am strongly inclined to think that the absence of the allegation of the production of the releases and affidavit required by the statute would be no cause of demurrer in a case like the present, had the complainant proceeded, as I think he might and ought to have done, to bring into court all the parties interested in the fund, showing their rights and interests as far as he possibly could, and to that end demanding a discovery at the hands of the owner, and possibly also of the contractors, and praying an accounting, in order to settle priorities and to determine finally the rights of the respective parties to the money.

I think a full consideration of the Mechanics' Lien law, and the effectual bar that it would present if the remedy last suggested should be denied, will commend such remedy to the favorable consideration of every one acquainted with the administration of justice upon equitable principles. It is also entirely in harmony with the principles of the court in dealing with conflicting questions arising between owner, contractor, materialmen and laborers under this law. Indeed, there is no other method of adjusting the rights of parties under the circumstances.

Heretofore the owner has taken the initiative, as the cases all show. He has filed his bill, showing that the buildings were left in an incomplete state; that he had finished the same, and that there were materialmen and laborers, and also persons holding orders unaccepted, drawn against the funds in his hands, praying relief. The court has never failed to take cognizance of every such case, and to finally determine the rights of the parties. The case in hand is of precisely the same nature, with the only difference that the owner of the order in this case filed the bill. But it cannot be deprived of its rights because the owner of the fund refuses to proceed. The complainant undoubtedly has a right to have this fund administered; the owner has a right not only to be protected against all further litigation, but to have every just right properly settled in a single controversy.

If this course be pursued, and a bill should be framed upon this theory, the production of the releases and affidavit required by the statute would be avoided. In such case the owner would be as fully protected as if the releases and affidavits were produced, because all parties interested should certainly be brought before the court before final decree. The discovery sought for would put it within the reach of the complainant to accomplish this end. Under a bill so framed it would be within the province of the court to see that the owner completed the buildings according to the terms of the contract. Especially would this be eminently proper in a case like the present, in which it was admitted upon the argument that the contractors had abandoned the work and disappeared beyond the reach of notice. My conclusion, therefore, is that upon the bill as framed the only cause of demurrer is that respecting the absence of an allegation showing that the releases and affidavit were produced and tendered to the defendant; but also that, from the statements made in the bill, the complainant will necessarily encounter an insuperable barrier to a decree in not asking for an administration of the whole fund, so as to settle the rights of all parties, establishing priorities and thereby securing both completion of the contract

and protection to the owner, who holds the fund, against any further or other litigation.

To this extent the demurrer is well taken and the defendant is entitled to costs.