### JAMES P. BRUCE AND WILLIAM BRUCE v. WILLIAM H. PEARSALL.

1. Under the Mechanics' Lien law, as amended by *Pamph. L.* 1892, *p.* 358, if the owner make a payment to the builder under his contract without procuring from him a verified release of liens, the building may be liened by laborers and materialmen under the first section of the statute notwithstanding the contract be filed under the second section.

2. Where an offer, in writing, to do certain work and furnish the materials for a gross sum is accepted orally, it is not error to receive the testimony of the employer that part of the oral agreement was that the contract price should be paid as the work progressed.

3. Whether the payments made by the employer were within the terms of this agreement is a question for the jury.

On error to the Monmouth Common Pleas.

Action on bond containing the following recital and condition :

" Whereas, the said William H. Pearsall is a party to the contract for building a dwelling-house for one Annie M. Vietor, wife of George Frederick Vietor, the same to be erected on her land situate on the southerly side of the Rumson road and adjoining the easterly side of land of Mrs. Theodore Moss, in the township of Shrewsbury, in the county

of Monmouth and State of New Jersey, which contract bears date the 8th day of May, A. D. 1893. Now, therefore, the above-bounden James P. Bruce has taken a sub-contract from the said William H. Pearsall to do all masonwork and furnish all material for the completion of said work according to the plans and specifications accompanying the above-mentioned contract. Now, therefore, the condition of this obligation is such that if the said James P. Bruce, his heirs, executors, administrators, shall build, erect and complete the aforesaid work, as provided in said contract, plans and specifications free from any lien or claim for work performed and materials furnished, and shall, in all respects, faithfully perform the said work according to the said plans and specifications, and the true intent and meaning thereof, then this obligation to be void, otherwise to remain in full force and virtue.

"(Signed)  JAMES P. BRUCE,

"WILLIAM BRUCE.

"Signed, sealed and delivered in the presence of Charles Harvey."

The breach alleged is that the sub-contractor left the work unfinished, with unpaid claims for labor and material. The damages laid are such sums as the plaintiff paid to complete the contract and extinguish the claims.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiffs in error, *Applegate & Degnan.*

For the defendant in error, *Nevius & Wilson.*

The opinion of the court was delivered by

GARRISON, J. This is a writ of error. There are two assignments, resting, one upon the refusal to nonsuit the plaint-

iffs, the other upon the refusal to direct a verdict for the defendant; together they raise the question whether, at either of these stages of the trial, the court below should have ruled that as matter of law the surety was released. The contention in this respect is put upon two grounds—*first*, that the claims for labor and material paid by the plaintiff were not "liens or claims" within the purview of the condition of the bond; and *second*, that payment of any part of the contract price to the sub-contractor before he had completed his contract discharged the surety.

The first of these grounds raises the question whether the creditors of a sub-contractor, with respect to a building erected under contract, have a right of lien when the contract has been duly filed.

Prior to September 1st, 1890, the creditors of a sub-contractor were without remedy under the Lien law. If the building contract was filed, the builder alone had a right to lien it; if the contract was not filed, the right to impound the money under section 3 was restricted to the creditors of the builder. *Carlisle* v. *Knapp*, 22 *Vroom* 329.

By the act of June 19th, 1890 (*Pamph. L., p.* 479), the second section was amended, and a further condition annexed to the filing of the contract as a bar against liens in cases where any payment had been made by the owner to the builder upon the contract. In general terms, and as further amended by the act of March 29th, 1892 (*Pamph. L., p.* 359), in order to discharge a building erected by contract from liability to be liened for work done or materials furnished, whether under sub-contract or otherwise, the owner must, in addition to filing his contract as theretofore, make no payment to the builder under the contract without procuring from him a release of liens verified by the oath prescribed by the statute. In fine, if an owner make any payment under his contract without such a release, the right of laborers and mechanics to lien the building is the same as if the contract had not been filed.

In the present case the owner made payments to the builder

on the contract, and as there is no proof that the release was given, it will not be presumed that it was. *Anderson Lumber Co.* v. *Friedlander*, 25 *Vroom* 375.

From this exposition of the statutory law, it follows that the debts paid by the plaintiff for labor and material contracted by the sub-contractor were " claims ". that, unless extinguished, could ripen into " liens," and hence were within the condition of the bond. The other contention is that the surety was discharged because the plaintiff paid the sub-contractor part of the contract price before the whole contract was performed. The contract arose upon the oral acceptance by the plaintiff of a written offer, in form as follows:

" OCEANIC, May 15th, 1893.

" Estimate of James P. Bruce.

" I will do all masonwork and furnish all materials on a house to be built at Sea Bright, for Mrs. George Vietor, according to plans and specifications, all work to be done in a workmanlike manner, for the sum of five thousand one hundred and twenty-five dollars ($5,125).

" (Signed)      JAMES P. BRUCE."

The plaintiff further testified that it was agreed that he was to pay this contract price as the work progressed. This testimony was objected to, but not contradicted. The objection was that the offer being in writing no oral testimony could be given, but this is obviously not so, since the acceptance of that contract as made was wholly oral.

The question whether the plaintiffs had made payments in violation of or in excess of this contract then became one of fact. As such it was left to the jury by the trial court, in the following language:

" It is further insisted, however, that there is evidence that Pearsall made advances not called for by the contract and in excess of the work done, and that the effect of this was it operated as a discharge of the surety. If you find this to be

the fact, the legal effect, I charge you, was to discharge the surety."

Upon this writ, there being no error in the course pursued at the trial, the finding of the jury is conclusive. This court also looked at a question not argued by counsel, viz., whether the plaintiff had not paid the sub-contractor in excess of the whole contract price and thereby discharged the surety. The contract price, including extra work, was $5,513. Plaintiff paid the sub-contractor, in cash and in orders, $4,958.53. He also paid $831.49 for completing the work embraced in the contract. If this latter sum be treated as a payment to the sub-contractor, it results in a payment of $277.02, in excess of the entire price agreed upon, and would diminish to that extent the fund in the plaintiff's hands, for the payment of the outstanding claims with which he now confronts the surety. Upon reflection, however, it is clear to my mind that the amount expended for completing the work, cannot be deemed a payment on the contract price which will discharge the surety. Under the finding of the jury, it was a payment made after breach, and hence after the liability of the surety had become fixed. It was one of the things against which the surety had indemnified the plaintiff and goes to measure plaintiff's damages, not to defeat his remedy.

Finding no error in the bills of exceptions before us, the judgment of the Common Pleas is affirmed, with costs.