JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON,
EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M.
LEWIS, JOHN H. BACKES AND JOHN GRIFFIN,
VICE-CHANCELLORS.

## CLARA N. GREISS

*v.*

## CHARLES NOISKY et al.

[Decided May 26th, 1913.]

1. Where the bill for partition alleged that the owner devised the lands to his wife for life and at her death to his children, allegations in the answer of one of the children, who was also executor, setting out the items of the will devising the land and directing the executors to pay debts, would not be stricken, where the will was short and did not tend

1

to cumber the record to any appreciable degree, since at some stage in the proceedings the executor might seek to have a portion of the proceeds of sale paid to him for the purpose of paying debts; and therefore it could not be said with certainty that the items of the will set forth would not be pertinent.

2. In a suit for partition of land of which the parties' mother died seized, allegations of the answer, setting out the source from which she derived her title, were at most merely surplusage, and in no manner tended to hamper or delay the complainant in the progress of the suit, and therefore would not be stricken.

3. In a suit for partition, in which the bill also sought an accounting by one of the tenants in common of the rents, issues and profits collected by him, allegations of the answer, after expressing a willingness to account, setting forth a number of items of receipts and disbursements not clearly constituting an account, which largely encumbered the record and served no useful purpose, because a proper account could be regularly taken later in the case, would be stricken.

4. In a suit to partition land devised to complainants and defendants by their father, a mortgagee and creditors of the father were not necessary parties, as the partition would not affect any legal or equitable rights of the creditors.

5. In a suit to partition land devised to the parties by their father, brought twenty-two years after the father's death and six years after a life tenant's death, allegations of the answer of a defendant, who was also executor, setting up a debt against the father, on which he had paid the interest, would be stricken as an attempt to engraft upon the partition proceedings an examination into, and settlement of, the executor's account, tending to delay and embarrass the conduct of the suit.

6. In a suit for partition allegations of the answer as to an agreement between the parties that the premises should not be sold for less than $8,000, that it was expected that a railroad would be built through or near them, and that it was decided not to sell until the improvement was made, would be stricken as irrelevant.

7. In a suit for partition the cross-bill of a defendant, alleging certain expenditures under an agreement with the other parties, which he claimed gave him an equitable lien or mortgage on the interests of the other parties, would be dismissed, where he did not ask to have the agreement declared a lien, but merely asked payment from the proceeds of the sale.

8. In a suit for partition a cross-bill by a defendant, who was the executor of the parties' testator, setting up funeral expenses and other expenses paid by him as executor, would be dismissed.

9. Where no relief is prayed for in a bill against a defendant, the bill will be dismissed as against him.

10. On a motion to strike out the answer and cross-bill, where the moving parties were partially successful, no costs would be allowed to either; but a party whose motion was granted be allowed her costs of the motion.

On motion to strike out answer.

*Mr. Willis P. Bainbridge,* for the complainant.

*Mr. William M. Jamieson,* for the defendant Charles Noisky.

*Mr. William J. Backes,* for Nellie Martin, guardian of the defendant Anna M. Wiedemann.

WALKER, CHANCELLOR.

The bill in this cause is filed for a partition of lands whereof Francis J. Noisky died seized upon January 6th, 1891, leaving a will devising those firstly described in the bill to his wife, Elizabeth, for life, with remainder in fee to his children; and also for a partition of lands whereof Elizabeth died seized upon August 25th, 1907, intestate. The children of Elizabeth and Francis being the same, and being alive at the time of the filing of the bill, they, with the children of Anna Wiedemann, a deceased daughter, and also Anna M. Wiedemann, a grandchild of said Anna (a daughter of her deceased son), hold said lands as tenants in common. The defendant Charles Noisky is made a defendant as a devisee and heir. He, however, with his mother (now deceased) was an executor of the will of his father, and filed an answer as well as an answer by way of cross-bill exhibited against the complainant and all the other defendants.

The complainant moves to strike out certain portions of the answer and answer in the nature of a cross-bill; and the guardian of Anna M. Wiedemann moves to strike out the answer by way of cross-bill, under rule 213 of this court.

The motion to strike out parts of the answer will be first considered.

The first objection urged is to that part of the answer which sets forth the various items of the will of said Francis J. Noisky. The bill does not set forth any of the items of the will, but alleges that by the will the testator

"devised the lands and premises above described unto his wife, Elizabeth Noisky, to hold and possess and enjoy during her natural life, and at her death to his children share and share alike."

The answer of Charles sets forth the items of the will, number-ing four, which show the directions to the executors to pay debts, as well as the devisee of the lands. The will is short and does not tend to cumber the record to any appreciable degree, and at least as to the item devising the lands might, with perfect pro-priety, have been set out in the bill. In view of the allegations of the answer it is apparent that at some stage in the proceed-ings Charles, as executor, may by appropriate proceedings seek to have a portion of the proceeds of sale paid to him for the purpose of paying debts. Taking the whole situation into ac-count, it cannot be said with certainty that during the progress of the case the items of the will set forth in the answer will not be pertinent.

In *Dodd* v. *Wilkinson, 42 N. J. Eq.* (*15 Stew.*) *647, 651,* Mr. Justice Van Syckel said:

"The greatest care must be taken that nothing shall be stricken out before the whole case is before us in the testimony which may, in any view of the controversy, become pertinent."

This case is cited with approval by Vice-Chancellor Van Fleet in *Leslie* v. *Leslie, 50 N. J. Eq.* (*5 Dick.*) *155, 157.*

The motion to strike out under the first objection is denied.

The second objection is to that portion of the answer which, after admitting that Elizabeth died seized of the second and third tracts, set forth in the bill, amplifies the bill by stating the source from which Francis and Elizabeth derived their title, giving the names of the grantors, grantees, date of deed and book and page of record. These additional facts are at most mere surplusage, and in no manner tend to hamper or delay the complainant in the progress of her suit, and might, with pro-priety, have been set out in the bill.

The motion to strike out under the second objection is de-nied.

As to the third objection. The bill charges the defendant Charles with receiving the rents, issues and profits of the land since the death of his mother, Elizabeth, and that he is still collecting them, "claiming to be entitled to the exclusive right thereto;" and, after asserting her right to a share of the rents, complainant prays that an account may be taken of the rents,

issues and profits of the premises collected, taken and received by Charles Noisky. The defendant in his answer expresses his willingness to account, and denies that he claimed to be exclusively entitled to the rents, issues and profits as alleged in the bill. The foregoing part of the answer was not objected to, and was a sufficient answer to the parts of the bill above recited. Charles, not content with expressing his willingness to account, sets forth a number of items of receipts and disbursements, not clearly constituting an account, which largely encumber the record and serve no useful purpose because, later in the case, a proper account can be regularly taken.

Further, the third objection touches allegations in the answer as to the personal property left by Francis, and that there is a mortgage on the premises for $1,000 and a note of hand held by Elizabeth S. Lalor, the interest on which since the death of his mother, Elizabeth, was regularly paid by the defendant Charles, and he says that this note is a just and honest claim and should be paid and satisfied out of the sale of the property. It appears that Francis died twenty-two years ago, and Elizabeth more than six years ago. The mortgagee is not a necessary party to the bill, and neither are creditors. The partition of the estate will not affect any rights of creditors, legal or equitable. Their rights, upon proper proceedings taken, will be protected. And as to setting out the claim on the note, it is an attempt to engraft upon the partition proceedings the examination into, and settlement of, an executor's account, and tends to delay and embarrass the conduct of the suit. *Speer* v. *Speer, 14 N. J. Eq.* (*1 McCart.*) *240, 250.*

The answer also refers to an agreement between the parties, at a time not stated, that the premises described in the bill should not be sold for less than $8,000, and that it was expected that a railroad would be built through or near the premises, and it was decided not to sell until the improvement was made.

The motive for setting this matter forth in the answer is not apparent. It is a mere naked statement of fact having no necessary relation to the suit; and the answer in no manner even suggests that the matter should be considered. It may be that

the pleader made the statement as the executor's excuse for not exercising the power of sale.

The motion to strike out under the third objection must prevail.

The complainant and the defendant, who is the guardian of Anna M. Wiedemann, by separate motions, ask that the answer in the nature of a cross-bill be stricken out, urging numerous objections.

The cross-bill sets out an arrangement between the complainant and all the defendants except the children of Anna Wiedemann, deceased, whereby it was agreed that Charles should pay the funeral expenses of their mother and erect a monument over the graves of their parents at a cost not to exceed $300, and the amount so expended was to constitute a lien on the shares in the lands devised by their father, with interest at five per cent.; that, in pursuance of the agreement, Charles did pay the funeral bill and erect the monument and incurred expenses amounting to substantially $500, for which he claims reimbursement out of the shares mentioned.

The cross-bill urges also that the expenses so incurred were proper charges against the estate of the mother, and claims that the shares of those not signing the agreement should be ratably charged with payment of those expenses, and insists that the payment should be made out of the proceeds of sale after the payment of the mortgage and the Lalor note. *Griggs* v. *Veghte, 47 N. J. Eq. (2 Dick.) 179.*

The answer by way of cross-bill does not pray for an answer or relief; in fact, the only prayer is one to be dismissed by the court, with reasonable costs and charges most wrongfully sustained.

The claim of the defendant Charles is twofold.

*First.* He claims under the contract a lien upon the interests in the lands of the parties thereto for the amount expended, and the right to have the same paid out of the shares of such parties in the proceeds of sale of the lands.

The claim is that Charles has an equitable lien or mortgage on such interests. *McKinley* v. *Coe, 66 N. J. Eq. (21 Dick.) 70, 77.*

This is not a sufficient reason for seeking affirmative relief by cross-bill. He does not pray to have the agreement declared to be a lien, but merely asks payment from the proceeds of sale. *Speer* v. *Speer, supra.*

*Second.* He claims to be entitled to receive the moneys as funeral expenses, or expenses incurred and paid as executor on account of his trust.

This claim clearly cannot be set up by way of cross-bill for the reasons set forth in *Speer* v. *Speer, supra.*

Where no relief is prayed for in a bill against a defendant, the bill will be dismissed as against him. *Patterson* v. *Patterson, 1 Hayw. (N. C.) 167.*

The cross-bill will be dismissed.

As the defendant Charles was partially successful on the motion of the complainant no costs will be allowed to either, but having totally failed on the motion of the infant defendant Anna, she will be allowed her costs of the motion against him.