STEPHENS-ADAMSON MANUFACTURING COMPANY, A COR-PORATION, PLAINTIFF AND APPELLEE, v. MOSES BIGELOW AND GEORGE B. SWAIN, TRADING AS BIG-ELOW & SWAIN, DEFENDANTS AND APPELLANTS.

Submitted March 20, 1913—Decided June 9, 1913.

Where contracting parties have put their contract in writing, the written agreement, if complete on its face, is the only evidence of such contract. Oral testimony is admissible only where the written contract is not complete and does not purport to cover the whole contract.

On appeal.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the plaintiff, *Wimmer & Wimmer* and *Samuel J. Macdonald.*

For the defendants, *Hugh B. Reed.*

The opinion of the court was delivered by

VOORHEES, J. In the trial of a District Court suit founded upon a written contract, dated May 12th, 1911, for

the sale and purchase of machinery, the following clause occurred: "The time of delivery (which is to be the date of shipment from our works at Aurora, Illinois), to be about * * * from receipt by us of your acceptance of this proposal and final information necessary for completion of order."

There was a plea of recoupment. The court heard parol testimony regarding the time of delivery, but finally struck it out as not admissible. *Naumberg* v. *Young*, 15 *Vroom* 331, is in point upon this question. It holds that the written agreement, if complete, is the only evidence of the contract between the parties, and that parol evidence of such contract is admissible only where the writing is not complete and does not purport to cover the whole contract.

The contract under review left in blank the time of delivery of the purchased machinery, and so it appears that the consideration of the testimony of witnesses as to it was clearly within the rule. See also the following cases: *Bruce* v. *Pearsall*, 30 *Vroom* 62; *Emmett* v. *Penoyer*, 151 *N. Y.* 564; *Camden Iron Works* v. *Fox*, 34 *Fed. Rep.* 200; *Dunnett* v. *Slack & Gibson*, 78 *Vt.* 439. The action of the court, therefore, in excluding it amounted to error as far as defendants' case was concerned and is sufficient to warrant a reversal.

But again the court found an acceptance of the goods within a reasonable time except as to the large pulley, and that the plaintiff had credited the value of this article at the contract price made by the parties, but ignored the testimony which tended to prove the purchase of another pulley at a cost of $129.12. The court thereupon found for the plaintiff, allowing to the defendants the credit given them by the plaintiff on the state of demand. I think this was a question of fact and should have been treated as such. It was not so done, but the credit was considered as establishing between the parties all that the defendants could claim. This again was error.

There must be a reversal and a new trial ordered.