ATLANTIC COUNTY CIRCUIT COURT.

THE NATIONAL RADIATOR COMPANY, A CORPORATION OF THE STATE OF MARYLAND, JOHN SIMMONS CO., A CORPORATION OF THE STATE OF NEW YORK, AND C. H. LEIBFRIED MFG. CORP., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFFS, v. CHELSEA HOUSING CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, OWNER, AND ANTHONY P. MILLER, INC., A CORPORATION OF THE STATE OF NEW JERSEY, GENERAL CONTRACTOR AND BUILDER, AND IRVING J. GLUCK, INC., A CORPORATION OF THE STATE OF NEW YORK, SUB-CONTRACTOR, DEFENDANTS.

Decided March 29, 1944.

For the plaintiffs, *I. Joseph Stein* (for whom appeared *John W. Ockford*).

For the defendant Anthony P. Miller, Inc., a corporation of the State of New Jersey, *Thomas H. Munyan.*

BURLING, C. C. J. This is a suit by three materialmen against the owner, general contractor and subconstractor arising out of the construction of a private housing project in Atlantic City, New Jersey, under a filed contract. *R. S.* 2:60–115, *et seq.; N. J. S. A.* 2:60–115, *et seq.*

Motion has been made by the general contractor for a rule dropping it as a party defendant pursuant to *R. S.* 2:27–31; *N. J. S. A.* 2:27–31, and Supreme Court rule 41 *N. J. S. A. tit. 2,* as not being a proper party and that it has been misjoined.

To decide the motion herein, immediate confrontment occurs with the problem as to whether a stop-notice of a materialman who furnishes to a subcontractor acts as assignment *pro tanto* of funds due a general contractor where a default in performance by the subcontractor has occurred and the cost of completion of that subcontract has wiped out any money otherwise due to the subcontractor from the contractor.

Subject to the cost to the owner to complete upon the default of the general contractor, a stop-notice of the materialmen who furnished to the general contractor acts as an assignment *pro tanto* of the contract price owing by the owner to the contractor. *Brown* v. *Home Development Co. (Court of Chancery,* 1941), 129 *N. J. Eq.* 172; 18 *Atl. Rep.* (2d) 742.

The motion is resisted by the plaintiffs and it is contended by them that in the light of the opinion in *St. Michael's, &c., Hopewell* v. *Conneen Construction Co. (Court of Chancery,* 1933), 114 *N. J. Eq.* 276; 166 *Atl. Rep.* 458; *affirmed (Court of Errors and Appeals,* 1933), 115 *N. J. Eq.* 334; 170 *Atl. Rep.* 649, such is the law of the State of New Jersey, and that the Mechanics' Lien statute as a result of amendment in 1917 (chapter 241) and subsequent amendments thereto, now *R. S.* 2:60–116; *N. J. S. A.* 2:60–116, is so intended to protect such materialmen and have their claims paid out of moneys due by the owner to the general contractor.

In the case of *Carlisle* v. *Knapp (Court of Errors and*

*Appeals,* 1889), 51 *N. J. L.* 329 (at *p.* 331); 17 *Atl. Rep.*
633, the inconvenience that would be placed upon a general
contractor if such were the law was recognized in the con-
struction of a former act which was held to limit relief to
materialmen of the general contractor. Subsequent to the
enactment of the amendment of the Mechanics' Lien Statute
of 1917 (chapter 241) hereinbefore referred to, adjudication
construing this statute was made in the case of *Morris County
Golf Club* v. *Hegeman-Harris Co.,* hereinafter referred to
as the Golf Club case (*Court of Chancery,* 1923), 121 *Atl.
Rep.* 528 (not reported otherwise), and which was affirmed
in the Court of Errors and Appeals without syllabus upon
the opinion below, *George A. Mills Co.* v. *Hegeman-Harris
Co.* (*Court of Errors and Appeals,* 1923), 94 *N. J. Eq.* 802;
122 *Atl. Rep.* 926; 125 *Id.* 127, and is controlling in the
present situation. In that case in paragraph 1 of the syllabus
of the opinion the following statement is made:

"Where subcontractor had not been paid in full when he
abandoned work and the amount unpaid was insufficient to
meet claims of materialmen filed under 3 *Comp. Stat.* 1910,
*p.* 3294, § 3, as amended by Act March 29th, 1917 (*Pamph.
L., p.* 821 [*N. J. S. A.* 2:60–116]), and the principal con-
tractor's loss in completing the subcontractor's work exceeded
the balance due the subcontractor, the principal contractor's
claim for such loss was superior to those of materialmen, and
he was entitled to the whole of the sum due the subcontractor."

And in the body of the opinion the following:

"As the fund is insufficient to pay the contractor, it is
entitled to the whole fund, unless by reason of the Mechanics'
Lien Act (3 *Comp. Stat.* 1910, *p.* 3290, *et seq.* [*N. J. S. A.*
2:60–105, *et seq.*]), the claims of the claimants under stop-
notices take precedence of the claim of the contractor. * * *

"The only point that can be asserted in favor of these
claimants is that, in certain instances the contractor paid in
advance of the terms of its contract to Taab."

The plaintiffs contend that the effect of the decisions in
the case of *St. Michael's, &c., Hopewell* v. *Conneen Construc-
tion Co., supra,* hereinbefore referred to is to overrule the
construction placed upon the pertinent statute in the Golf

Club case, and that the statute is clearly intended to protect the materialmen and to have their claims paid out of the money due by the owner to the general contractor, regardless of the default of the subcontractor with whom they contracted, and that the cost of the completion of that subcontract has wiped out any moneys due otherwise to the subcontractor from the general contractor.

The plaintiffs contend that the reasoning of the United States District Court Judge for the District of New Jersey, in an unreported opinion in *Nolan* v. *Chelsea Housing Corp.*, in a cause of action relating to this very project, gives effect to the legislative intent in the following language:

"The effect of this later decision [*St. Michael's, &c., Hopewell* v. *Conneen Construction Co.*, 114 *N. J. Eq.* 276; 166 *Atl. Rep.* 458; *affirmed*, 115 *N. J. Eq.* 334; 170 *Atl. Rep.* 649], as I see it, is contrary to the principle established in the Golf Club case. It is sure that to some extent it relies upon the clause in the contract as to the passing of ownership of delivered materials to the contractor, and yet a careful reading indicates that the Vice-Chancellor did not agree with the determination in the former case. This latter case was affirmed by the Court of Errors and Appeals without opinion in that court, and by a divided court—eleven for affirmance, three for reversal.

"I believe I am following the latest decision of the Court of Errors and Appeals when I determine that plaintiff is entitled to the amount claimed as principal with interest."

The soundness of this construction was attacked in an appeal from the said decision of the United States District Court for the District of New Jersey, and the Circuit Court of Appeals held that the rule in the *Mills & Co. v. Hegeman-Harris Co.*, hereinbefore referred to as the Golf Club case (*supra*) remained undisturbed as the law. This opinion is reported in 128 *Fed. Rep.* (2d) 872 (*U. S. Court of Appeals, Third District*, 1942).

It has been contended by the plaintiffs that this decision is not binding in the state court in this cause of action, and while such is the case still the weight and dignity of that opinion is not to be lightly disregarded.

The decision in the Golf Club case remained undisturbed and without judicial deviation therefrom until 1933, in the *St. Michael's, &c., Hopewell* v. *Conneen Construction Co., supra,* case, and no other pertinent adjudications have been made subsequent to the *St. Michael's, &c., Hopewell* v. *Conneen Construction Co., supra,* case.

To avoid the effect of the decision in the Golf Club case, it is necessary to differentiate the facts in a given case. This was the objective and the ultimate pivot of the decision in the *St. Michael's, &c., Hopewell* v. *Conneen Construction Co., supra,* case and in the construction of the contract in the Nolan case, the United States Circuit Court of Appeals held that the differential in that case did not exist as it did in the *St. Michael's, &c., Hopewell* v. *Conneen Construction Co., supra,* case and that the Court of Errors and Appeals when the St. Michael's case (referred in that as the Conneen case) came to it on appeal, did not accept the proffered opportunity to overrule the Hegeman-Harris decision but that instead it affirmed the decision of the Court of Chancery for reasons expressed in the opinion of Vice-Chancellor Davis which had expressly distinguished the facts in the *St. Michael's, &c., Hopewell* v. *Conneen Construction Co., supra,* case from the Golf Club case, and that the law of the state was expressed in the Hegeman-Harris Golf Club case. It then proceeded to the consideration of the contract and determined that title to the materials furnished by the plaintiffs therein was not intended to and did not pass to the general contractor, and accordingly reversed the opinion of the United States District Court.

The complaint filed in this cause of action demands judgment against the defendants generally.

No allegations are contained in the complaint that title to the materials involved was by the provisions of the subcontract intended to pass or actually did pass to the contractor upon their delivery at the side of the work.

In the main body of the complaint there is no specific allegation of the source of incurrence of the debt (paragraphs 6 and 7) but the copy of the stop-notice is incorporated into the complaint by reference (paragraph 9) and in that notice

it ·is alleged that the materials were furnished to George J. Fleck, a subcontractor and used in the buildings involved in the principal contract.

The notice of dispute in this case was given by the general contractor. The subcontractor Irving J. Gluck, Inc., apparently has not been served in the manner provided by law and has not entered an appearance in this cause of action. The judgment contemplated by *R. S.* 2:60–121; *N. J. S. A.* 2:60–121, should be obtained against the party with whom the claimant had privity of contract, namely the subcontractor. This was accomplished prior to the institution of suit in the Nolan case by a default judgment against the subcontractor and thereafter suit was entered against the owner.

Upon the oral argument of this motion the plaintiffs asserted that it was not their intention to assert a money judgment against the general contractor.

Under these circumstances the general contractor is not called upon to defend a general judgment in damages against itself and by virtue thereof and of the practice referred to in *Sargeant Bros., Inc.,* v. *Brancati* (*Court of Errors and Appeals,* 1930), 107 *N. J. L.* 85; 151 *Atl. Rep.* 843, this defendant is an unnecessary party.

It is contended by the plaintiffs that the point in issue in that case was whether a suit against the owner was required to be instituted in the Circuit Court, and that the question of whether the general contractor was a proper party was not at issue, and that the statement of the court was therefor *dictum*. The statements were judicial *dictum,* however, and should not be lightly regarded. *Crescent Ring Co.* v. *Travelers Indemnity Co.* (*Court of Errors and Appeals,* 1925), 102 *N. J. L.* 85; 132 *Atl. Rep.* 106.

Assuming the complaint does not charge a cause of action for a direct judgment in dollars against the general contractor or that such a judgment against the general contractor is not to be asserted, then it is alleged by the plaintiffs that the general contractor is a proper party otherwise.

Under the section of the Practice Act of 1912, now *R. S.* 2:27–25; *N. J. S. A.* 2:27–25, parties defendant are described:

"Subject to rules, any person may be made a defendant, who jointly, severally or in the alternative, is alleged to have or claim any interest in the controversy, or any part thereof, adverse to plaintiff or whom it is necessary to make a party for the complete determination or settlement of any question involved therein."

It is for the courts to give effect to the objective of the act of 1912 which was plainly designed to mould procedure and judgments at law in a large measure according to the pattern of equity. Common law conception of the parties on each side as a unit no longer obtains. *Woodbridge* v. *DeAngelis* (*Court of Errors and Appeals,* 1940), 125 *N. J. L.* 579 (at *p.* 581); 17 *Atl. Rep.* (*2d*) 542.

In equity practice parties defendant have long been defined and classified as necessary and proper. Necessary parties are those who are indispensable to the suit. Proper parties are defined in 1 *Kocher & Trier, New Jersey Chancery Practice and Precedents* 33:

"* * * proper parties are persons having no real interest in the question at issue, but who still have some interest in the subject-matter of the suit which may be conveniently settled in such suit, thereby preventing further litigation."

In case of proper parties, complainant in equity makes them parties if he choses and the bill is not demurrable on that account. *Whittemore* v. *Coster et al.* (*Court of Chancery,* 1844), 4 *N. J. Eq.* 438 (at *p.* 442).

But in the case of *Greiss* v. *Noisky,* 82 *N. J. Eq.* 1 (at *p.* 7); 87 *Atl. Rep.* 155, 157, it was held:

"Where no relief is prayed for in a bill against a defendant, the bill will be dismissed as against him. *Patterson* v. *Patterson,* 1 *Hayw.* (*NC*) 167."

Since no relief against this defendant is asserted in this cause of action, it is not a proper party.

The motion will be granted and appropriate rule may be presented.