## No. 11,122.

## ELLIOTT *v.* WOLFER.

Decided November 2, 1925.

Action by contractor for services rendered. Judgment of dismissal.

### *Reversed.*

1. CONTRACTS—*Builder's—Termination by Owner.* Where a builder's contract provided that the architect's decisions should be subject to arbitration, except as to matters relating to artistic effect, the owner could not terminate the contract on a certificate of the architect for any other cause, and the owner refusing to arbitrate, action for services rendered was the proper remedy.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Messrs. STOW & STOVER, Mr. WILLIAM K. LILLEY, for plaintiff in error.

Mr. L. R. TEMPLE, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Elliott entered into a written contract with the defendant Wolfer for painting and decorating the latter's house then in process of construction. Before the work was entirely completed, but when practically finished, the owner assuming, under the contract, that he possessed the power to put an end thereto upon a certificate by the architect that a good cause therefor existed because of a default of the contractor, declared the same terminated and served upon plaintiff written notice to that effect and

forbade him from entering upon the premises. The contractor sues for the contract price. The contract contained detailed specifications for the manner of doing the work and the material to be used and other usual provisions and also what is termed "General Conditions" of which articles 10, 37 and 45 are the only material ones for our consideration. Article 10 is entitled: "The Architect's Decisions". "The architect shall, within a reasonable time, make decisions on all claims of the owner or contractor and on all other matters relating to the execution and progress of the work or the interpretation of the contract documents. The architect's decisions, in matters relating to artistic effect, shall be final, if within the terms of the contract documents. Except as above or as otherwise expressly provided in these general conditions or in the specifications, all the architect's decisions are subject to arbitration".

"Article 37. Owner's Right to Terminate Contract." This provision in general provides that if the contractor shall be adjudged a bankrupt or make a general assignment for the benefit of creditors, or if a receiver should be appointed for him on account of his insolvency, or if he should fail to employ enough skilled workmen or proper materials, or default in payment to subcontractors or for material or labor, or disregard laws, ordinances or instructions of the architect, or be guilty of a substantial violation of any provision of the contract, the owner, upon the certificate of the architect that sufficient cause exists to justify such action, may, after giving the contractor seven days' written notice, terminate the employment under the contract and take possession of the premises.

"Article 45. Arbitration. Subject to the provisions of article 10, all questions in dispute under this contract shall be submitted to arbitration at the choice of either party to the dispute. The contractor agrees to push the work vigorously during arbitration proceedings".

The learned trial judge was of opinion that it was difficult to harmonize article 10 and the quoted paragraph of

article 45, but finally reached the conclusion, since the contract confers upon the architect power to make decisions on controversies between the parties and to furnish certificate thereof, that on the certificate of the architect that sufficient cause existed of the default of the plaintiff in any particular enumerated in article 37, the owner might terminate the contract. A careful reading of these three articles does not, in our judgment, disclose any ambiguity or uncertainty in either, or any conflict. We can not find any justification for the orders of the trial court. In *Empson Packing Co. v. Clawson*, 43 Colo. 188, 95 Pac. 546, and in *United States v. Gleason*, 175 U. S. 589, 20 Sup. Ct. 228, 44 L. Ed. 284, it was held that where parties to a building contract designate some third party like an architect or an engineer who is authorized to determine questions and disputes that may arise during the execution of the work and expressly stipulate that his determination shall be final and conclusive, in the absence of fraud or gross mistake or bad faith or failure by the one so chosen to exercise an honest judgment, both parties are conclusively bound by his decision of those matters which he is authorized to determine. We find no such stipulation in this contract. Nowhere therein, either in the contract proper or the specifications or general conditions attached thereto and a part thereof, are the decisions of the arbitrator made final or conclusive, except only in matters relating to artistic effect as provided in article 10 and this article expressly declares that, except as to artistic effect or as otherwise expressly provided in the general conditions or in the specifications, all the architect's decisions are subject to arbitration.

The owner does not contend that this contract was terminated because the architect had certified that the artistic effect was unsatisfactory. To the contrary in his written notice whereby he sought to terminate the contract, there is a recital that the action is taken by him upon the certificate of the architect, and pursuant to article 37 of the general conditions, matters of substance, which by article

45 clearly come within the arbitration clause that says all questions in dispute under the contract shall be submitted to arbitration by either party to the dispute. After the owner's notice of termination of the contract was given to the contractor the latter, proceeding under the provisions of article 45 so providing, within twenty days thereafter demanded of the architect and owner that their decision that he had defaulted as to the matters specified in article 37, be submitted to arbitration and appointed an arbitrator as he was authorized to do and requested the owner to select an arbitrator as he might do and that the two so selected should select a third arbitrator, which board of arbitration should thereupon proceed to determine the matters in dispute and review the decision of the architect. The owner and architect refused to comply with this request.

The question for decision, therefore, is, may the owner on the certificate of the architect that the contractor has defaulted as to some one or more of the particular things specified in article 37 conclusively annul this contract?

First we say that if the owner possesses such power, he did not give the seven days' previous notice to the contractor which article 37 requires. But there is a better reason why the power assumed in this case did not exist. The owner may not in any event terminate the contract unless the architect certifies that sufficient cause exists to justify such action. In other words unless sufficient cause exists, and this cause must be found to exist and be certified by the architect, the owner has no right to terminate the contract. The architect's decision upon this question was of some dispute or controversy between the parties. His decision under article 10 is final and conclusive only as to matters relating to artistic effect. All other questions must be submitted to arbitration at the choice of either party to the dispute. Article 45 expressly says so and there is no express or implied provision or condition in this contract, aside from the expressed one in article 10 relating to artistic effect, that makes the

architect's deccision on any other question final or conclusive. The owner and architect wrongfully refused to submit the dispute to arbitration. The contractor demanded an arbitration strictly in accordance with the terms of the contract. The owner, having wrongfully assumed to terminate it, and having forbidden the contractor to enter upon the premises to complete the work, the plaintiff properly brought this suit to recover for his services. The demurrer to the complaint should have been overruled and the defendant permitted to answer. The judgment of dismissal of the action is, therefore, reversed and the cause remanded for a new trial, further proceedings to be in harmony with this opinion.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.