No. 12,820.

Zion Baptist Church *v.* Hebert.
(28 P. [2d] 799)

Decided December 18, 1933.

Mr. Omar E. Garwood, Mr. Milton C. Garwood, Mr.
George O. Marrs, for plaintiff in error.

Mr. F. E. DICKERSON, Mr. T. J. MORRISSEY, Mr. GEORGE
O. BAKKE, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error was defendant in the court below
and will be referred to as the church, and the defendant
in error as the contractor.

In August, 1925, the contractor filed his complaint on
quantum meruit for labor and material furnished in con-
nection with the installation of a heating plant for the
church, claiming that the work performed and the
material furnished were reasonably worth $3,284.54.
$67.44 and $8.12 were claimed on second and third causes
of action for small extras. These last two items were
uncontroverted. The answer of the church pleaded a
written contract, which was breached by failure of the
guaranty, alleged payment of $2,000 on the contract, and
made counterclaim for $2,500 as damages for the breach.
The contractor, by his reply, denied entering into a writ-
ten contract, but alleged that he submitted a written bid.
Judgment for the contractor in the sum of $1,389.73 was
entered on the jury's verdict. To reverse this judgment,
the church brings error.

The writing which the contractor alleges to be a bid,
and which the church insists is a contract, is as follows:
"J. C. Hebert, 3324 Elizabeth
"Denver, Colorado, July 24, 1924.
"To the Honorable Board of Trustees, Zion Baptist
Church, 24th & Ogden St.
"Gentlemen:
"I propose to furnish and install 2076 ft. of radiation
and a #8 K Hewanee boiler of 2450 ft. capacity, cover
all mains in basement with asbestos air pipe cell pipe
covering, cover boiler with asbestos cement, equip radi-

ator with packless valves, patented union checks, five year guaranteed air valves and nickel plated floor and ceiling plates where pipe pass through floor. Paint all radiator and pipe above floor aluminum or bronze as the board may desire.

"The above plant is guaranteed to heat the building to 70 degrees when it is zero outside.

"The plant installed complete for the net sum of $2,-884.54 and if oil burner is desired to handle the job with a 500 gal. tank and a one day thermostat and clock, set up and installed for the net sum of $400.00.

"Respectfully submitted,

"J. C. Hebert."

Upon the trial, the church stood squarely upon the proposition that this was a complete contract, nonseverable in its terms; that it could not be disregarded by the contractor; and that he could not recover on quantum meruit or at all short of a full performance of all the terms of the contract, which could not be varied by parol testimony.

The assignments of error, other than the giving and refusing of certain instructions, refer substantially to the construction placed upon the above writing by the court. If its construction, derived from the face of the writing and the evidence offered in the case, was correct, then all the instructions given to the jury as we find them are correct, and there is no basis for the complaint made by the church.

■■ The writing, on its face, was a proposal by the contractor, subject to the acceptance or rejection by the church. The acceptance was oral. The effect of an acceptance is to convert the offer or proposal into a contract. Where there is an oral acceptance of a written offer to do certain work, the fact that the offer was in writing does not bring the contract within the rule excluding parol evidence which tends to vary the terms of

a written agreement. *Bruce v. Pearsall*, 59 N. J. L. 62, 34 Atl. 982.

The contractor contends, and testified: That prior to making the above proposal, he was called to figure on the plant; that much of the church ceiling was down; that he could see through the roof; that about 50 windows were broken out; and that Baker, representing the church, said everything would be fixed up and repaired; that on that agreement, he submitted the proposal and was verbally notified by Baker to go ahead; that he completed the installation and was told by Baker that the repairs had not been made on account of the lack of money; that he told Baker to fix up the building and make a test of the plant and if it did not work, he would put in another plant without cost to the church.

The contractor's testimony relative to repairs is contradicted by the testimony submitted on behalf of the church. There is no substantial dispute concerning the installation of the heating plant. That it was installed and $2,000 paid by the church is not questioned. All of the evidence on the part of the contractor tends to show that the plant was installed in a workmanlike manner, but some of the evidence on the part of the church was to the effect that it was not so installed.

■ It is unfortunate that all of the terms and conditions of the agreement were not set out in a written contract. If such had been the case, there likely would have been no litigation before this court. It is repugnant to our common sense view of this situation that any prudent man capable of entering into and performing heating installation contracts would propose to make such a guaranty as is complained of here, to heat a building with many windows broken out, and holes in the roof. Contractors just do not make such guaranties to heat the out of doors in zero weather as was almost the case here. It is in accord with good reasoning that there was a condition precedent to the making of this proposal and that the promise to make the repairs was the in-

ducement for the proposal. There is no evidence that that condition has ever been fully performed. The failure thereof would prevent a full and complete performance by the contractor and preclude his guaranty. Under such conditions, the contractor was entitled to regard the contract, as made by the written proposal and oral acceptance, broken, and to proceed on quantum meruit for work and material furnished. This was done here by a suit on a common count for labor and materials furnished. That right is sustained by a long line of authorities. 13 C. J. 693 and cases cited.

The trial court very properly considered the circumstances surrounding the written document in this case and determined that the parol evidence of conditions was admissible. From our examination, we conclude that the case was submitted to the jury upon proper instructions, and its verdict will not be disturbed.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.