No. 13,782.

FAGG *v.* COURTRIGHT.
(56 P. [2d] 1321)

Decided April 6, 1936.

Mr. O. OTTO MOORE, for plaintiff in error.

Mr. HAROLD F. COLLINS, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a mechanic's lien suit. A money judgment was entered, and a lien was decreed upon certain real property. The defendant owner, Mrs. Fagg, as plaintiff in error, brings the case before us for review.

Counsel for the defendant epitomizes her assignment of errors by saying the case presents these questions: (1) Did the court err in denying defendant's motion for a nonsuit? (2) Does the evidence support the findings and the decree?

The plaintiff is a plumbing contractor. The contract between him and Mrs. Fagg was in writing, and called for plumbing work in connection with the construction of additional cottages in a cottage camp at Denver. The part of the contract to which our attention is directed follows:

"Terms.

"Mrs. Viola Fagg agrees to the following terms of payment. One Thousand Dollars cash to be paid. Eight Hundred Dollars when rough work is completed and Two Hundred Dollars balance to be paid upon completion of contract. The Heating and Plumbing Finance Corporation will add Ninety Nine Dollars interest to the balance of Six Hundred and Seventy Dollars which will

make a total of Seven Hundred and Sixty Nine Dollars, which will be carried by the Heating and Plumbing Finance Corporation and will be paid for in 24 monthly payments.''

The record discloses that the plaintiff began his work about October 20, 1930, but not long afterwards the defendant encountered financial difficulties in providing for the payments which would fall due under her contracts with the plaintiff and the other contractors. The evidence is conflicting. There was evidence on behalf of the plaintiff to the effect that the defendant notified him of her inability to carry out her part of the contract unless new and materially different arrangements were made for the payments to be made to him; that he—for what seem good and sufficient reasons—declined to enter into a new contract and thereupon, about November 5, he ceased work. He testified that the ''rough work'' referred to in the above quoted part of the contract was at that time substantially completed. In the circumstances represented by the plaintiff's evidence, he was entitled to withdraw from the work and recover as for quantum meruit.

No prejudicial error is apparent from the record in rulings on the evidence or otherwise. We are therefore governed by the general principle that an appellate court has no right to interfere with the conclusions duly arrived at in the trial court on conflicting evidence.

The findings and the judgment of the district court being supported by sufficient evidence, they are binding upon us.

. Judgment affirmed.

Mr. Chief Justice Campbell and Mr. Justice Young concur.