No. 19,198.

HAZEL M. MARLATT, ET AL *v.* C. REX LAGRANGE AND NAOMI DORIS LAGRANGE.
(357 P. [2d] 927)

Decided December 19, 1960.    Rehearing denied January 9, 1961.

Messrs. Gelt & Grossman, Mr. Percy S. Morris, Mr. Richard H. Simon, for plaintiffs in error.

Mr. Marvin W. Foote, for defendant in error.

*In Department.*

Per Curiam.

Defendants in error as plaintiffs sued to recover a deposit of $2,000.00 made as down payment on the purchase of a residence property from the Marlatts. Wilson & Wilson, Realtor, acted as broker in the transaction. We refer to the parties as they appeared in the trial court or by name.

The option contract for sale and purchase entered into by the parties was on a printed form supplied by the Realtor, the pertinent part of which is the following:

"The entire price to be paid is Eighteen Thousand Five Hundred and No/100 Dollars ($50.00) of which the amount as above stated is a part, and the balance ($18,450.00) to be paid as follows: $2,000.00 in cash including the above deposit on or before ten days from date; Obtain maximum loan and balance to be carried on 2nd Deed of Trust by Seller, on or before 3 years." A good and sufficient Warranty Deed was to be delivered within thirty days from date provided payment was made or tendered, and a further provision that in the event payment was not made, tendered or performed, all payments made would be retained by the sellers as liquidated damages.

The testimony disclosed that plaintiff C. Rex La-Grange was a doctor and that he desired the property in question because of its proximity to a hospital, but could not purchase it unless financing could be arranged. The testimony is in conflict in some respects but essentially it was to the effect that the property was expected to carry a $14,000 to $14,750 maximum loan,

and it was upon that basis that the agreement was signed and the down payment of $2,000.00 made.

Efforts were made by the purchasers to obtain a *maximum loan* of $13,000 to $14,000. While these negotiations were in progress Dr. LaGrange decided to accept a practice in LaSalle, Colorado, and moved there prior to the expiration of the thirty days set forth in the contract. However, they still endeavored to negotiate a loan for the amount desired as a maximum but were unsuccessful, mainly because of their removal to LaSalle and the fact that they would not personally occupy the premises. Because of this difficulty and other reasons, sellers extended the period for performance but purchasers were unable to obtain the desired loan. While the matter was thus pending the sellers sent notice that because of plaintiffs' failure to carry out the terms of the purchase they were declaring a forfeiture and retaining the $2,000.00 down payment as liquidated damages, pursuant to the option agreement.

Defendants claim that they are entitled to retain the down payment for two reasons: First, that the purchasers did not secure a maximum loan within the extended time, in breach of the agreement; and second, that purchasers did not tender payment in the amount specified in the option contract, or in any sum, thus entitling sellers to treat the down payment forfeited as liquidated damages.

The term "Obtain maximum loan" is vague and indefinite and nowhere explained in the writing. In such circumstances the court may receive parol evidence to determine the intention of the parties, and they will be held to the meaning intended by them if possible to do so without making a new contract. *St. Louis & Denver Land and Mining Company v. Tierney,* 5 Colo. 582; *San Miguel Consolidated Gold Mining Company v. Stubbs,* 39 Colo. 359, 90 Pac. 842.

The trial court found that the parties contemplated a loan of $14,000.00 or $14,475.00 as a maximum loan.

The finding of the court in this respect is amply supported by the evidence. Being unable to secure a maximum loan of the amount contemplated by the parties as a condition of their obligation to complete the purchase, plaintiffs were entitled to recover the down payment upon termination of the option by the sellers. The words "Obtain maximum loan" were clearly a condition understood by the parties as precedent to the obligation of plantiffs to complete the transaction.

The trial court found that the parties did not intend the option agreement to be binding, unless a loan in the approximate sum contemplated could be obtained. This finding is amply supported by the evidence.

The judgment is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE FRANTZ and MR. JUSTICE DAY concur.