No. 19,196.

BROADWAY ROOFING & SUPPLY, INC. *v.* EUGENE J. COVELLO
AND MARY COVELLO.
(357 P. [2d] 356)

Decided December 5, 1960.
Petition for rehearing stricken December 23, 1960.

Mr. BENTLEY M. McMULLIN, for plaintiff in error.

Mr. NATHAN LEE BAUM, for defendants in error.

*In Department.*

PER CURIAM.

THE parties are here in inverse order of their appearance in the trial court, and will be referred to as they there appeared, or by name.

Plaintiffs' complaint contained two causes of action. The first alleged that plaintiffs were induced by false representations to enter into a contract with defendant for the installation of certain "Cast-O-Stone" on their residence for $750.00; that as soon as they discovered the false representations, plaintiffs rescinded the contract, having paid defendant $250.00 thereon. The second cause of action alleged that the defendant breached the contract by doing the work in an unworkmanlike manner; that the plaintiffs would have been willing, ready and able, to complete payment on the contract, had there been no fraud, and had work been done in a workmanlike manner; that plaintiffs rescinded the contract as soon as they discovered the misrepresentations and inferior workmanship. They prayed judgment for $250.00 and cancellation of the contract.

At a pre-trial conference immediately preceding the trial, plaintiffs were permitted to amend the prayer of their complaint requesting in addition to the $250.00 that a mandatory order issue requiring defendant to restore the property to the condition in which it was before the work began, or that plaintiffs have judgment for the cost of restoring the premises.

The defendant by answer denied the misrepresentations and unworkmanlike construction and prayed for a dismissal of the complaint, and by counterclaim alleged performance until plaintiffs, without cause or excuse, stopped the work and ordered defendant not to complete the same; that defendant had expended $608.06 in the construction, only $250.00 of which had been paid, and prayed for judgment in the sum of $358.06 with interest; for $150.00 attorney fees; and that judgment be made a lien upon the property.

The evidence established that on April 26, 1958, plaintiffs negotiated with a certain Glen Jones, salesman for the defendant, at defendant's place of business. Having been shown a sample of "Cast-o-Stone," plaintiffs signed a paper which may be properly called a job order, where-

by they agreed to pay defendants $750.00, payable $150.00 cash down, $100.00 cash May 15, 1958, balance $15.97 per month, defendant to install Cast-o-Stone as per plan, encompassing front porch wall, and install new back porch and steps with wrought iron railing. Plaintiffs made the $150.00 down payment. On April 28, 1958, a more detailed statement of the work to be done was prepared by Glen Jones and submitted to plaintiffs who accepted it as a correct summary. Delay was occasioned by difficulties in financing the project, and failure of defendant to find a workman to install the concrete back porch, steps, and drive slab. Plaintiffs found such a workman who did this work to plaintiffs' satisfaction. Defendant paid $195.00 for this work.

Defendant's workmen began application of wire mesh and the scratch coat necessary for application of the "Cast-O-Stone." On the morning of May 27, 1958, the workmen began applying the "Cast-O-Stone," which is a process of filling molds with a cement mixture which is then pressed against the scratch coat. Wax paper is placed in the molds to permit easy separation of the molds from the cement. When the molds are removed, the paper adheres to the cement mixture until it is washed with a solution and removed. When plaintiff, Eugene J. Covello, arrived home at noon on that day the paper was still adhering to the cement and he could not see what the ultimate result would be. $100.00 cash was paid to defendant at that time. Upon Covello's return from his work about four p.m. that evening, the paper had been removed and both plaintiffs were dissatisfied with the result. When defendant's workmen arrived the next morning, plaintiffs ordered them to discontinue. That same day, plaintiffs' attorney sent defendant a letter stating: "The agreement is hereby rescinded because of gross misrepresentations by your salesman." It detailed the alleged misrepresentations and defective workmanship. Plaintiffs did not permit defendant to

correct or remedy any alleged defects, or do any further work.

Plaintiffs' evidence tended to show that the workmanship was defective in numerous respects, and they presented testimony that to restore the premises, exclusive of the satisfactory backporch steps and drive slab, to the condition they were before the work began, would cost from $495.00 to $800.00. Defendant objected to the materiality of this evidence. No offer was made to compensate defendant for the $195.00 paid out for the satisfactory work done.

Defendant countered with evidence that the work was being properly done when plaintiffs ordered it stopped, that it offered to make the work good, but was prevented from doing so by plaintiffs; that the work done had cost defendant $608.96, which, less the $250.00 paid by plaintiffs, entitled it to judgment for $358.06, the plaintiffs having breached the agreement by preventing completion.

■ We conclude that none of the evidence offered was sufficient to support a claim for rescission.

The trial to a jury consumed almost five days of court time. The record, consisting of almost 400 folios, is replete with repetition, great attention to inconsequential matters, and general enlargement of minor details, in what would be generally considered a rather simple case.

The jury returned two verdicts, one for the plaintiffs on a finding that the work was done in an unworkmanlike manner and assessing damages in the amount of $495.00 plus $55.00, and one against the defendant on its counterclaim. A submitted form of verdict for plaintiffs on the ground of defendant's false and fraudulent representation was not returned by the jury. Thus the jury found defective workmanship but no fraud.

■ Since the jury found no fraud, rescission could not be applied. Therefore it is obvious that the jury verdict is based upon an incorrect measure of damages. Here the owners were allowed the cost of restoring the

subject matter to its original condition, when in fact the contractor had materially benefited at least a part thereof with labor and materials acceptable to the owners; and, as to the part not acceptable, the owners had stopped the work and prevented the contractor from remedying it in accordance with the original agreement. Under the facts presented here the defendant was entitled to be paid for the reasonable value of the work completed by it in accordance with the contract.

The judgment is reversed and the cause remanded with directions to grant a new trial, permitting the parties to amend their pleading as they may be advised.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE HALL and MR. JUSTICE DOYLE concur.