No. 22006.

D. H. SALA DOING BUSINESS AS D. H. SALA REALTY CO. *v.* MARJORIE C. HAY, FORMERLY MARJORIE C. FENSTERMAN.
(415 P.2d 330)

Decided June 13, 1966.

WAGNER and WYERS, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter called Sala, brought suit against defendant in error, hereinafter called Hay, to recover the sum of $6,000 which was the amount due on an unpaid check and promissory note given by Hay as consideration for an option to purchase real estate which Hay did not exercise. The option agreement contained the usual provision that in the event of failure of Hay to exercise the option the $6,000 should be retained as liquidated damages. A trial was had to a jury. At the close of Sala's case in chief the trial court dismissed the action, and entered judgment for the defendant. Sala seeks reversal of this judgment.

The evidence in the record shows that on December 20, 1963, Hay and her husband signed a receipt and option agreement to purchase a motel which agreement provided for an earnest money deposit of $6,000. Hay gave a check for $6,000 as the deposit. The contract also contained a provision that it was contingent *"upon purchaser's obtaining additional funds of approximately $5,000."* (Emphasis added.)

The evidence for the plaintiff further disclosed that Sala was asked to hold the $6,000 check. Hay and her husband then gave a promissory note for $6,000 payable January 6, 1964, as the deposit called for in the receipt and option agreement. On January 4, 1964, Hay's husband died, and thereafter she refused to go ahead with the transaction. On cross-examination during plaintiff's case in chief, Hay stated the reason she did not go ahead was that she could not obtain the $5,000. Sala testified that Hay agreed orally that a $5,000 loan at 1% per month for three years would be satisfactory to her and that he, Sala, furnished a letter of commitment for a $5,000 loan on those terms. Sala also testified that the reasons Hay gave him for not exercising the option were that her husband had died, her health was not good,

and that her daughters' and attorney's advice was that she should not exercise her option. Upon this state of the record, the trial court made a finding of fact that Hay's reason for refusing to go through with the contract was her inability to obtain the loan. It further found that she was not obligated to take the loan offered by Sala, and that she had the sole right to determine "the availability of getting these monies" [the loan in question.] Our review of the record convinces us that the trial court's action was clearly erroneous.

 It is clear from the record that there was a disputed question of fact as to why Hay did not exercise the option. Sala's testimony was that the reasons she gave were that her husband had died and her health was poor. On the other hand, Hay stated that she did not go through with the transaction because she could not obtain the $5,000. This conflict in the testimony posed a jury question which the trial court had no right to decide.

 Moreover, the trial court's interpretation of the provision in the option agreement which provided that the contract was contingent upon Hay's "obtaining additional funds of $5,000" is not in accordance with the law. The provision was vague and indefinite in that it contained no reference to interest or length of term of the loan. Under such circumstances parol evidence was admissible to show what the parties intended, *Marlatt v. LaGrange,* 145 Colo. 50, 357 P.2d 927. It was therefore the jury's function to determine in this case whether the agreement with regard to the loan testified to by Sala did in fact exist; for if it did, Hay's defense of being unable to obtain the loan must fail.

 And even if the jury had found that the agreement with respect to the loan as testified to by Sala did not exist, yet Hay could not avoid the agreement by deciding unilaterally that the money was not available to her. The trial court erroneously held she could. Clauses in contracts of the kind in question here imply

a promise that the purchaser will make reasonable efforts to secure the loan upon reasonable terms and conditions. *Lach v. Cahill*, 138 Conn. 418, 85 A.2nd 481. It was for the jury to determine, after evidence presented by Hay, whether she had fulfilled this promise.

The judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE MOORE not participating.