No. 22116.

VELMA JACOBS *v.* CHARLES JONES, DOING BUSINESS AS
CHAS. JONES LUMBER COMPANY, AND EARL WALKER.
(423 P.2d 321)

Decided February 6, 1967.

GEORGE J. FRANCIS, FRANCES DELOST, for plaintiff in error.

506

Robert J. Safranek, for defendant in error Charles Jones, doing business as Chas. Jones Lumber Company.

No appearance for defendant in error Earl Walker.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

Velma Jacobs, owner of an improved farm, entered into a contract with Earl Walker in which he agreed to paint the improvements on the farm. Walker purchased the paint from Charles Jones, doing business as Chas. Jones Lumber Company. Before the work was completed, Jacobs ordered Walker to stop because she was dissatisfied with the results. Offers were made by Jones and Walker to complete the job but Jacobs declined to permit Walker to fulfill his contract.

Jones instituted this lawsuit against Jacobs to foreclose his mechanic's lien and made Walker a party. Walker filed a cross-claim. Jacobs answered by way of general denial and alleged, as an affirmative defense, that Jones had sold the materials under an implied warranty of fitness. Jacobs also counterclaimed, alleging damages resulting from thinning the paint by use of linseed oil, rather than an evaporative solvent (as suggested in manufacturer's product literature).

 Jacobs, by her order to Walker to cease work and by refusing to permit either Walker or Jones to complete the work, which the trial court found they were willing to do, breached the contract, and excused further performance on the part of Walker. Under the circumstances the law implies a promise on the one party not to prevent, hinder or delay the performance of the other party. 3 Corbin, Contracts §§ 571, 770; 4 Corbin, Contracts § 947; Restatement, Contracts § 315.

██ Under the facts, as found by the trial court, Jones was entitled to be paid for the value of the paint

furnished for use and used upon Jacobs' barns and improvements, and Walker was entitled to recover for the reasonable value of the work completed by him in accordance with the contract. *Broadway, Inc. v. Covello*, 144 Colo. 562, 357 P.2d 356. (See, *Fagg v. Courtright*, 98 Colo. 486, 56 P.2d 1321; *Zion Baptist Church v. Hebert*, 94 Colo. 59, 28 P.2d 799, and *Elliott v. Wolfer*, 78 Colo. 213, 240 Pac. 694.)

The court, with sufficient evidence to support each of its findings, entered a money judgment in favor of Jones and against Walker and decreed the foreclosure of the mechanic's lien. It also entered a money judgment in favor of Walker and against Jacobs.

We find no reversible error.

The judgment is affirmed.