491 P.2d 75 (1971)
Walter RUARK, Plaintiff in Error,
v.
Norman J. PETERSON and Barbara J. Peterson, Defendants in Error.
No. 70-138.
Colorado Court of Appeals, Div. II.
November 2, 1971.
*76 John F. Mueller, Denver, for plaintiff in error.
Paul Q. Beacom and Ott & Caskins, William J. Caskins, Jr., Richard Ott, Denver, for defendants in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is an action for specific performance of an option contract. It was brought by the optionees, the Petersons, who are defendants in error here. After a trial to the court, judgment was entered granting specific performance. The optionor, Ruark, seeks reversal of that judgment. Ruark asserts that the Petersons did not exercise the option, in that they never made a valid tender of the purchase price and that such tender was neither excused or prevented by him. The trial court found otherwise, and we affirm.
It is undisputed that in February 1968, Ruark, as lessor, leased a portion of a building located in Denver to the Petersons for a term of five years. An option to purchase the entire building and the land on which it stood was attached to and made a part of the lease. The pertinent terms of the option are:
"Lessees shall purchase with $2,000.00 downpayment, assuming and agreeing to pay the existing First Mortgage Loan, and for the balance of the $13,500.00 purchase price Lessor to carry a 2nd Deed of Trust with monthly payments not to exceed $60.00 per month, but in no case shall said 2nd Mortgage contain any penalty for prepayment. Should said Lessees purchase subject property between December 1, 1968 and January 31, 1969, Lessor shall allow a purchase credit of $25.00 per month for rents paid after March 23, 1968. * * *
It is agreed and understood between Lessees and Lessor that Lessees shall have the right and privilege to remodel and install plumbing, wiring and gas service as needed by Lessees for the operation of a coin-operated laundromat. Lessees shall in no way damage or harm the structural quality of subject property and Lessees shall be responsible for all interior maintenance."
The Petersons took possession of the premises and began to remodel. During the remodeling a fire occurred which caused minor damage to the building. After the fire the relationship between the parties deteriorated and the testimony as to what occurred thereafter is in dispute.
However, the weight of the evidence supports the following factual findings of the trial court. After the fire Ruark claimed the lease had been violated and threatened to terminate the lease, but he did not do so and continued to accept the rent until the Petersons stopped paying it some two months after commencing this action. Rusark also indicated to the Petersons that he would no longer take a second deed of trust on the property and that if they were to exercise the option they would have to pay cash for that part of the purchase price exceeding the first mortgage.
In November 1968, the Petersons notified Ruark of their desire to exercise the option. They notified Ruark's real estate agent that they were ready to close the transaction. The agent, however, was unable to get Ruark to attend a closing. In December 1968, Petersons' attorney notified *77 Ruark that the Petersons were ready to close the transaction in accordance with the terms of the option and asked that Ruark or his attorney contact him in seven days. Ruark turned the letter over to his attorney and did nothing further. In January 1969, this suit was brought.
Ruark contends that there was no exercise of the option because the Petersons never actually offered the $2000 down-payment. The trial court found, "* * * that the plaintiffs never had an opportunity to make a so-called legal tender because of the acts of the defendant." This finding is amply supported by the evidence. First, the option did not require tender prior to closing. Further the Petersons both testified that at all times from November 1968, on they had the money to pay the down-payment. This testimony was not refuted. Also, Ruark had made it clear that he did not intend to perform according to the terms of the contract by his refusal to take a second mortgage or deed of trust. Under these circumstances the tender of $2000 would have been a useless act and was not required. Coppom v. Humphreys, 171 Colo. 410, 467 P.2d 816. The tactics of Ruark prevented and excused further performance on the part of the Petersons after they had given unequivocal notice of their intent to exercise the option and had unconditionally committed themselves to be bound by the contract. Their actions fully justified the entry of a decree of specific performance. Howard v. Interstate Development Co., 29 Colo. App. 287, 483 P.2d 1366.
Two months after commencing this action the Petersons notified Ruark that they were vacating the premises and that the rent would terminate on April 23, 1970. Ruark contends that this terminated the lease and all rights of the Petersons under the option. The trial court held that, except for Ruark's refusal to perform, the sale would have been closed prior to that time and the Petersons would have been the owners and concluded that vacating the premises did not terminate the option.
The law is well settled that where the relation of landlord and tenant exists under the terms of a written lease, containing an option to purchase, the lessee upon exercise of the option, is no longer in possession as a tenant, but as a vendee. In Cities Service Oil Co. v. Viering, 404 Ill. 538, 89 N.E.2d 392, 13 A.L.R.2d 1448, the court said,
"The exercise of the option extinguishes the lease and terminates the relation of landlord and tenant. The lease and all its incidents, express and implied, are blotted out of existence, and the relation of vendor and vendee created." Here the Petersons exercised the option prior to commencing suit and after such exercise were no longer obligated to pay rent. The failure to pay rent had no effect on the option which had matured into a contract of purchase and sale. Cities Service Oil Co. v. Viering, supra. Judgment affirmed.
COYTE and DWYER, JJ., concur.