574 P.2d 513 (1978)
David O. JOHNSON, d/b/a D. O. Johnson Construction, Plaintiff-Appellant,
v.
John W. BOVEE and Alice M. Bovee, a/k/a John W. Bove and Alice M. Bove, Defendants-Appellees, and
Columbia Savings and Loan Association, a Colorado Corporation, and King Lumber Company, Defendants.
No. 77-139.
Colorado Court of Appeals, Div. I.
January 12, 1978.
Miller, Saxton, Alspaugh & Murphy, John Wayne Miller, Longmont, for plaintiff-appellant.
Honaker & Wilbur, P. C., James F. Wilbur, John Wade Gaddis, Longmont, for defendants-appellees.
PIERCE, Judge.
Plaintiff, David O. Johnson, doing business as David O. Johnson Construction Company, appeals a judgment of the trial court entered in his favor and against John and Alice Bovee, arguing that the court erred in its measure of damages. We disagree, and affirm the judgment in its entirety.
The Bovees and Johnson entered into a written contract under which Johnson agreed to build a house for the Bovees according to a specified set of plans, in exchange for a contract price of $47,176. During the course of the house's construction, Johnson and the Bovees orally agreed to many deviations from the original plansresulting in both additions ("extras") and deletions.
The Bovees became dissatisfied with the quality of the construction. They then stopped making payments to Johnson and *514 his suppliers, payments which were required under the contract. Johnson therefore stopped working on the house, and filed this suit to foreclose on his mechanic's lien. The Bovees, who finished the house, counterclaimed for the costs of repairing the defective workmanship.
The trial court found that Johnson had substantially performed his obligations under the contract and therefore that the Bovees' refusal to make payments constituted a breach. It also found that the house was 90% complete when construction stopped. The damages awarded to Johnson were based on the contract price and were calculated in the following manner:

 Contract price ..... $47,176.00
 Net value of the agreed extras ..... 7,700.78
 Payments made by the Bovees ..... -49,485.18
 Cost to Johnson had he completed
 the house (10% of $47,176) ..... - 4,717.60
 __________
 TOTAL: ..... $ 674.00

The court awarded the Bovees $2,427.55 on their counterclaim for remedial work. Johnson does not dispute the trial court's factual findings upon which these calculations were based. Rather, he argues that he is entitled to recover in quantum meruit for the reasonable value of the services he rendered which he claims to be $9,000 over the original contract price and agreed extras.
We are therefore faced with the issue of whether restitution can be recovered in an amount in excess of the contract price, an issue which is a matter of first impression in Colorado.
We note at the outset that Johnson is not precluded from seeking restitution merely because his original complaint stated a claim for breach. If the evidence justifies an award of restitution, the particular theory pled will not prevent the award. Reynolds v. Armstead, 166 Colo. 372, 443 P.2d 990 (1968). See C.R.C.P. 54(c).
Since the Bovees breached the contract by refusing to make the required payments, Johnson was entitled to consider the contract a nullity, and recover the reasonable value of his services. See, e. g., Jacobs v. Jones, 161 Colo. 505, 423 P.2d 321 (1967); Zion Baptist Church v. Hebert, 94 Colo. 59, 28 P.2d 799 (1933). But none of the cases supporting this principle involved a contractor who had overspent and was asking for more than the contract price.
Courts and commentators are divided over the question of whether restitution should be limited by the contract. Compare Palmer, The Contract Price as a Limit on Restitution for Defendant's Breach, 20 Ohio State L.J. 264 (1959) with Childres & Garamella, The Law of Restitution and the Reliance Interest in Contract, 64 Nw. U.L.Rev. 433 (1969). For a survey of arguments on both sides of this issue, see D. Dobbs, Law of Remedies, § 12.1 at 794-795 (1973).
We believe using the contract price as a ceiling on restitution is the better-reasoned resolution of this question. Had Johnson fully performed, his recovery would be limited to the contract price, since he would be suing for specific performance of the liquidated debt obligation under the contract. See 5 A. Corbin, Contracts, § 1110 (1964). It is illogical to allow him to recover the full cost of his services when, if he completed the house, he would be limited to the contract price plus the agreed upon extras.
Accordingly, the judgment of the trial court is affirmed.
COYTE and ENOCH, JJ., concur.