Daniel F. NIX and Gayle H. Nix, Plaintiffs-Appellants and Cross-Appellees,

v.

James K. CLARY, individually, and Ronald E. Clary, individually, Defendants-Appellees and Cross-Appellants.

No. 80CA0217.

Colorado Court of Appeals,
Div. I.

Aug. 13, 1981.

Rehearing Denied Sept. 17, 1981.

Certiorari Denied Feb. 1, 1982.

William A. Powers, Littleton, for plaintiffs-appellants and cross-appellees.

Tallmadge, Tallmadge, Wallace & Hahn, P. C., C. Thomas Bastien, Denver, for defendants-appellees and cross-appellants.

BERMAN, Judge.

Purchasers, Daniel F. Nix and Gayle H. Nix, sued vendors, James K. Clary and Ronald E. Clary, for specific performance of a contract to purchase real property and to recover daily rental. After trial to the court, the court dismissed the purchasers' suit, and directed the vendors to restore the earnest money to the purchasers. Both sides appeal. We affirm.

Vendors agreed to sell a duplex in Jefferson County to purchasers for $45,000 by a standard form receipt and option contract dated April 21, 1976. Purchasers paid $2,000 earnest money, and agreed to pay the balance by paying $3,950 in cash or certified funds, by assuming a first deed of

trust in favor of a bank, and by executing a promissory note and second deed of trust in favor of vendors for $5,000. The contract limited assumption fees to $100 and provided that the "interest rate may increase" on assumption without any maximum rate being specified.

Vendors agreed to furnish evidence of good title on or before May 28, and to deliver their warranty deed to purchasers on May 30 upon payment of the purchase price and purchasers' compliance with other conditions of the contract. The hour and place of closing was to be designated by vendors.

Neil Nix prepared the contract and acted as agent for purchasers, who lived in Illinois and who desired to acquire the property for investment purposes. Nix dealt primarily with James Clary, who lived in Ft. Collins, because Ronald Clary lived out of state. James Clary held a real estate salesman's license, but had never acted in that capacity.

James Clary testified he was advised by Neil Nix between May 20 and May 30, 1976, that the bank had been contacted and that the interest rate on assumption would increase to about ten or eleven per cent. Nix then contacted Clary during the second or third week of June 1976, and advised Clary he was looking for less expensive money. Nix also mailed an extension agreement to Clary in June, but the agreement was never executed by vendors.

Between April 1976 and April 1977, Neil Nix and James Clary talked numerous times by telephone. Nix testified that he conveyed the desire of purchasers to close. On the other hand, Clary testified Nix primarily discussed his attempts to secure less expensive financing, and he did not request a specific closing date.

In April 1977, purchasers' attorney wrote James Clary and advised him that application had been made to the bank to assume the first deed of trust and requested vendors to set a date for closing. Clary's attorney responded that if the purchasers desired to submit another contract, the purchase price of the property was around $50,-000. Purchasers did not submit this application to the bank until April 1977, and a bank official testified it was never completed.

The court found on supporting evidence that both sides wholly failed to perform their obligations under the contract. Vendors failed to furnish purchasers with evidence of good title and a warranty deed prior to or on May 30, 1976, or give notice of the hour and place of closing. Purchasers failed to apply to the bank for permission to assume the first deed of trust, or apply to any lender for a loan to pay off the indebtedness prior to or on May 30, 1976, or to tender the proceeds due under the contract to vendors at any time. The court concluded there had been a bilateral breach of the agreement. As a result, purchasers were not entitled to specific performance, and vendors were not entitled to retain the earnest money as liquidated damages.

The purchasers argue, in effect, that they did not breach the contract as its provisions did not require any action on their part prior to May 30, 1976, and that performance on their part at that time was excused by reason of the vendors' failure to perform. We disagree.

The provision in the contract pertaining to the manner in which the purchase price is to be paid contains the implied promise of the purchaser to make reasonable efforts toward fulfilling its requirements. *See Sala v. Hay*, 160 Colo. 169, 415 P.2d 330 (1966); *Sorenson v. Connelly*, 36 Colo.App. 168, 536 P.2d 328 (1975). And, in the event the vendor fails to perform under the contract, the purchaser is not excused from all efforts if he desires to preserve the right to specific performance. In such case, the buyer must give unequivocal notice of an unconditional commitment to be bound by the contract. *See Coppom v. Humphreys*, 171 Colo. 410, 467 P.2d 816 (1970); *Ruark v. Peterson*, 30 Colo.App. 162, 491 P.2d 75 (1971); *Damiana v. Kowalski*, 532 P.2d 773 (Colo.App.1975) (not selected for official publication).

Purchasers were not entitled to specific performance as they failed to tender payment as required by the contract which provided that time was of the essence, *see Dunton v. Stemme*, 117 Colo. 327, 187 P.2d 593 (1947); *Young v. Beck*, 526 P.2d 320 (Colo.App.1974) (not selected for official publication), or to make reasonable efforts towards being able to perform, *see Sala v. Hay, supra*, and give notice of their unconditional commitment to be bound by the contract, *see Coppom v. Humphreys, supra*.

Vendors argue that the court erred in directing the return of the earnest money to purchasers because purchasers failed to raise the issue of such relief. We disagree.

C.R.C.P. 54(c) provides, in pertinent part, that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Thus, if the evidence justifies an award of restitution, the particular theory pled will not prevent the award. *See Johnson v. Bovee*, 40 Colo.App. 317, 574 P.2d 513 (1978). Vendors were not entitled to retain the earnest money as liquidated damages when they were themselves in default under the contract, and the judgment of the court directing return of the earnest money to purchasers was proper under the circumstances present here. *See Damiana v. Kowalski, supra*.

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.