HOLT v. STOFFLET.

1. LANDLORD AND TENANT—OPTION IN LEASE—CONSTRUCTION—TIME.
   Option to purchase, contained in lease, and reading "at any time within 1 month of the expiration of the said lease term" is construed as one which could be exercised at any time prior to 1 month before the expiration of the lease.

2. SAME—OPTION IN LEASE—CONSTRUCTION.
   An option to purchase, being inserted in the lease for the benefit of the tenant, must be construed with that purpose in view.

3. VENDOR AND PURCHASER—ACCEPTANCE OF OFFER—REQUEST FOR DEED AND ABSTRACT.
   Acceptance of offer contained in option that was incorporated in lease, which was coupled with "request" for deed and abstract of title was not ineffectual because not accepted according to terms of offer, the "request" being construed as a mere request that the lessors might grant or refuse.

4. SAME—OPTION—TENDER.
   Right of lessees to take up option to purchase was not lost by them because of failure to make tender in a proper amount, where it appears lessors, by refusing to accept registered letter in which was stated the amount placed in escrow for payment of purchase price, were intent on refusing to acknowledge a tender even if it were in the proper amount.

5. LANDLORD AND TENANT—OPTION TO PURCHASE—SUBSEQUENT RENT.
   The relation of landlord and tenant ceased when the option to purchase contained in the lease was properly exercised, hence, there was no obligation to pay rent for the month starting after the option was exercised.

ON APPLICATION FOR REHEARING.

6. APPEAL AND ERROR—MOTION TO DISMISS—PLEADING.
   Well-pleaded allegations of bill of complaint are accepted as true only for purposes of considering motion to dismiss plaintiffs' bill on appeal from order denying such motion before introduction of proofs.

Appeal from Calhoun; Steinbacher (Harold E.), J. Submitted May 26, 1952. (Docket No. 95, Calendar No. 45,390.) Decided September 3, 1952. Rehearing denied October 17, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[4] 32 Am Jur, Landlord and Tenant § 307.

Bill by George M. Holt and wife against Lawrence M. Stofflet and wife for specific performance of agreement to sell land. Motion to dismiss granted. Plaintiffs appeal. Reversed and remanded.

*Alfred P. Stuart,* for plaintiffs.

*Cobb, Wilder & Nielsen,* for defendants.

NORTH, C. J. On June 30, 1948, George M. Holt and Dorothy E. Holt, husband and wife, plaintiffs and appellants herein, entered into a written lease of a certain parcel of land located in Marshall, Michigan, for the term of 3 years, with Lawrence M. Stofflet and Patricia Stofflet, husband and wife, defendants and appellees herein. Plaintiffs were the lessees and defendants were the lessors. This lease contained the following option to purchase:

"The parties of the first part hereby give unto the parties of the second part an option to purchase the said premises for the sum of $10,000 upon the written request of the second parties made at any time within 1 month of the expiration of the said lease term. If the said second parties should elect to exercise this option then the first parties covenant and agree to credit one-half of all instalments made by the second parties hereunder toward the said purchase price, provided however that there be no arrears of rent due at such time."

On the 28th of May, 1951, 1 month and 3 days prior to the expiration of the lease, plaintiffs served upon the defendants a written notice that they were exercising their option. The pertinent portion of said notice is quoted:

"This is your written notice that the said lessees are exercising their option of purchase as so provided, and request that you have the deed of purchase and the abstract of title in their hands in ample time before the first day of June, 1951, in order that same may be examined."

Defendants refused to recognize this notice as being a legally effective exercise of plaintiffs' option. Plaintiffs brought suit for specific performance. After hearing on defendants' motion to dismiss, an order was entered granting defendants' motion. From that order this appeal was taken.

The first question to be considered is whether the plaintiffs' alleged exercise of their option was legally effective to bind the defendants in a contract to convey. We are constrained to hold that it was. The time limit in the option as to when it could be exercised is ambiguous. The words "at any time within 1 month of the expiration of the said lease term," could, standing alone, reasonably be interpreted to mean either that the option could be exercised at any time prior to 1 month after the expiration of the lease, or at any time within the period of 1 month before and 1 month after, or at any time prior to 1 month before the expiration of the lease. We conclude that the latter interpretation is the most reasonable. To hold otherwise would deprive plaintiffs of the option which both parties intended plaintiffs should have, and which plaintiffs have diligently and in good faith sought to exercise.

"An option to purchase, being inserted in the lease for the benefit of the tenant, must be construed with that purpose in view." 51 CJS, p 638 (citing *Barnhart* v. *Stern,* 182 Wis 197 [196 NW 245]).

The trial judge held that the exercise of option was ineffectual because plaintiffs had not accepted it according to its terms, in that they demanded an abstract of title when the option itself did not call for one. We do not so construe plaintiffs' acceptance. Rather, we construe plaintiffs' statement "and request that you have the deed of purchase and the abstract of title in their hands in ample time before the first day of June, 1951," as a mere request, which defendants were free to grant or refuse.

Defendants also contend, and the trial judge so held, that plaintiffs' exercise of option was not legally effective because no effective tender was made at the time notice of exercise of option was given. With this we cannot agree. The option itself was silent on the question of when tender of the purchase price should be made. On May 29, 1951, plaintiffs placed

in escrow with the Michigan National Bank, of Marshall, Michigan, an amount claimed to be due as the full purchase price under plaintiffs' option to purchase; and sent a registered letter to defendants notifying them of such fact. In this letter plaintiffs stated that they had agreed with the Michigan National Bank that they would assume the mortgage on the property, to which the bank had agreed. Defendants refused to accept this registered letter, so they had no way of knowing whether the amount deposited in escrow was the correct amount due or not. Defendants' refusal to so accept the registered letter makes it appear that they were intent on refusing to acknowledge a tender, even if it were in the proper amount. Under the circumstances we cannot say that plaintiffs failed to make a proper tender, and thereby lost their right to take up the option. Since this is an equity case and plaintiffs have shown that they were and are ready to pay the proper amount of the purchase price, they are entitled to a deed upon paying into court the correct purchase price to be determined by the trial court.

Defendants are not entitled to $92 for the last month's rent, because at the time the option was exercised on May 28, 1951, the relation of landlord and tenant ceased and the obligation to pay rent with it. See 51 CJS, p 640.

The decretal order of the trial court is reversed and a decree will be entered in this Court remanding the case to the trial court with instructions to proceed in accordance with this opinion. Costs of both courts to appellants.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

### ON APPLICATION FOR REHEARING.

PER CURIAM: Defendants move for rehearing, contending that, as appears from our opinion herein, we have, on appeal from an order granting a motion to dismiss plaintiffs' bill of complaint,

disposed of the case on the merits. Particular reference is made to the statement in the opinion that plaintiffs have shown that they were and are ready to pay the correct amount of the purchase price and are entitled to a deed upon payment thereof into court. That statement and the entire opinion are to be viewed not as a final finding of facts or conclusive determination of plaintiffs' right to the relief prayed, but, rather, as an acceptance of the well-pleaded allegations of plaintiffs' bill of complaint as true only for purposes of considering the motion to dismiss plaintiffs' bill and the order dismissing, which we reversed. The cause is remanded for filing of such further pleadings as may be necessary and proper and trial on the merits.

Rehearing denied.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH took no part in the decision of this case on application for rehearing.