**B. F. PITMAN, et al., Petitioners,**

v.

**Dean SANDITEN, et al., Respondents.**

**No. C–196.**

Supreme Court of Texas.

Dec. 31, 1981.

Rehearing Denied Feb. 3, 1982.

Douglass D. Hearne and Richard L. Crozier, Austin, for petitioners.

C. M. Zaffirini, Laredo, Casseb, Strong & Pearl, Richard G. Strong, San Antonio, for respondents.

CAMPBELL, Justice.

This is a suit for title to and possession of a six-story motor hotel in Laredo, Webb County, Texas. In 1978 the property was owned by Dean Sanditen and Sanditen Properties, Ltd. (Sanditen). Sanditen sold to B. F. Pitman and Bernard Lifshutz the buildings, improvements, personal property, and fixtures used in the hotel. At the same time Pitman and Lifshutz leased, with an option to purchase, the underlying land.

Pitman and Lifshutz paid $61,800.00 for the improvements and personal property and obligated themselves to expend at least $70,000.00 to refurbish and improve the buildings. They, together with a sublessee, eventually spent over $93,000.00 in renovating the hotel.

The lease agreement provided that upon exercise of the option by written notice, "a contract shall exist between Lessor and

Lessee for the sale and purchase of the Real Estate . . . ." On January 10, 1979, Pitman and Lifshutz sent written notice to Sanditen that they were exercising their option, specifying a closing date of February 28, 1979. However, on February 27 the parties decided to close by mail, stipulating March 1 as the effective closing date. Sanditen, on March 1, mailed to Pitman and Lifshutz two promissory notes and a copy of a signed deed. Each instrument was dated March 1. Also that day the title company received in the mail from Pitman and Lifshutz the payment due at closing. Pitman and Lifshutz received Sanditen's March 1 letter, containing the promissory notes and deed, on March 5. The signed promissory notes were then hand delivered to the title company on March 8.

Sanditen, however, notified Pitman and Lifshutz on March 7 that he would not close the sale unless he received the rental payment due March 1. Pitman and Lifshutz refused to pay the rent. They contended the sale was to be considered closed, and interest calculated on the note in lieu of rent, as of March 1. Sanditen notified Pitman and Lifshutz by letter dated March 19 that their lease had terminated for failure to make the March 1 rent payment.

Sanditen sued for a declaratory judgment that the lease had terminated, and that Pitman and Lifshutz forfeited their interest in the leased premises and improvements. Pitman and Lifshutz counterclaimed seeking specific performance of their option to purchase, and for damages. The jury found the parties agreed the purchase would be handled by mail and would be considered closed March 1. The trial court, however, rendered judgment terminating the lease, and ordered that Pitman and Lifshutz take nothing on their counterclaim. The court of civil appeals affirmed that part of the judgment of the trial court. 611 S.W.2d 663. We reverse the part of the court of civil appeals judgment upholding the forfeiture and denying specific performance.

Sanditen urges he is entitled to forfeiture because of provisions in the agreement covering the lessor-lessee relationship. Section fourteen of the agreement provides for termination of the lease upon failure to pay monthly rentals. Section six states all buildings, additions, and improvements, except for trade fixtures, put in at the expense of the lessee or sublessee shall become the property of the lessor and surrendered as part of the premises upon termination of the lease. Also, section twenty provides, if Pitman and Lifshutz default under the lease prior to "closing their option to purchase," Pitman and Lifshutz's interest in the improvements on the lease cease and merge with Sanditen's fee simple title. The court of civil appeals held, although forfeitures are not favored, when parties agree in unambiguous language to a forfeiture provision, it will be enforced. 611 S.W.2d at 668. We hold this rule is inapplicable here.

Pitman and Lifshutz contend the exercise of the option terminated the landlord-tenant relationship and established that of vendor-purchaser. Furthermore, they contend upon termination of the landlord-tenant relationship, the provisions of the lease, including the right to rentals, the right to terminate the lease, and the right to forfeiture of improvements ceased to exist.

Other jurisdictions deciding this issue have held that when the relation of landlord and tenant exists under the terms of a written lease, containing an option to purchase, the lessee upon exercise of the option, is no longer in possession as a tenant but as a vendee under an executory contract of purchase and sale. See *United Farmers' City Mkt. v. Donofrio*, 43 Ariz. 35, 29 P.2d 144, 147 (1934); *Ruark v. Peterson*, 30 Colo.App. 162, 491 P.2d 75, 77 (1971); *Cities Serv. Oil Co. v. Viering*, 404 Ill. 538, 89 N.E.2d 392, 402 (1949); *Capitol Land Co. v. Zorn*, 134 Ind.App. 431, 184 N.E.2d 152, 157 (1962); *Todd v. Stewart Sand & Material Co.*, 140 Kan. 71, 34 P.2d 105, 107 (1934); *Holt v. Stofflet*, 334 Mich. 272, 54 N.W.2d 593, 594–95 (1952); *Gassert v. Anderson*, 201 Minn. 515, 276 N.W. 808, 809 (1937); *Mauzy v. Elliott*, 146 Neb. 865, 22 N.W.2d 142, 146–47 (1946); *Summa Corp. v. Richardson*, 564 P.2d 181, 185 (Nev.1977); *Texas Co. v. Butler*, 198 Or. 368, 256 P.2d 259, 262

**498**

(1953); *Detwiler v. Capone*, 357 Pa. 495, 55 A.2d 380, 384 (1947); *Moore v. Maes*, 214 S.C. 274, 52 S.E.2d 204, 208 (1949); *Chapman Drug Co. v. Chapman*, 207 Tenn. 502, 341 S.W.2d 392, 395–96 (1960).

We hold when a tenant under a lease containing an option to purchase exercises the option, a binding, bilateral contract is formed. The relation of landlord and tenant ceases and that of vendor and purchaser arises. *See Sinclair Ref. Co. v. Allbritton*, 147 Tex. 468, 472–74, 218 S.W.2d 185, 187–88 (1949); *Advance Components, Inc. v. Goodstein*, 608 S.W.2d 737, 739 (Tex.Civ. App.—Dallas 1980, writ ref'd n. r. e.); *Brevard v. King*, 400 S.W.2d 576, 581 (Tex.Civ. App.—Austin 1966, writ ref'd n. r. e.).

Sanditen asserts the mere exercise of an option by giving notice does not cancel all of the conditions and obligations which the parties had agreed upon as requirements for exhausting the option. The provisions upon which Sanditen relies for forfeiture, however, do not apply. They refer to the parties as lessor and lessee, and provide for default under the "lease," and forfeiture of the "lease." After the option to purchase had been exercised, these lease agreement provisions, having fulfilled their purpose, were no longer applicable. The purchase and sale agreement became controlling. Sanditen, therefore, had no grounds upon which to declare a forfeiture. We hold Pitman and Lifshutz are entitled to specific performance of their contract to purchase.

That portion of the court of civil appeals judgment upholding the forfeiture and denial of specific performance is reversed; and judgment is here rendered that Pitman and Lifshutz be awarded specific performance of their purchase contract, plus attorney's fees in the amount found by the jury. The judgment of the court of civil appeals is affirmed in all other respects.