NO.
12-06-00256-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WILLIAM FARRAR,            §                      APPEAL FROM THE 114TH

APPELLANT

            

V.        §                      JUDICIAL DISTRICT COURT OF

 

STEVE AND DEBBIE
HARRIS,

APPELLEES §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            William
Farrar appeals from a summary judgment entered in favor of Steve and Debbie
Harris, owners of a home he leased.  In a
single issue, Farrar contends the trial court erred in finding that the option
to purchase contained in their lease had expired prior to his attempt to
exercise that option.  We reverse and
render in part and remand in part.

 

Background

            The
parties entered into a residential lease agreement by which Farrar leased a
home from the Harrises.  Paragraph three
of the lease, a standard Texas Association of Realtors residential lease agreement,
provides that the term of the lease commenced on January 19, 2002 and ended on
January 19, 2003.  Paragraph four
states that “[t]his lease will automatically renew on a month-to-month basis
unless either party provides the other party written notice of termination at
least thirty [30] days before the Termination Date or the end of any renewal
period.”  Paragraph 32, entitled “Special
Provisions,” includes six miscellaneous items added by the parties and not a
part of the preprinted form.  Paragraph
32a provides that “[t]enant shall have the right to purchase said property for
the purchase price of $259,000.00 any time during the lease period.”  Paragraph 32d provides that “[t]he term of
this lease shall be for an initial period of one year, and at tenants [sic]
option, may thereafter be renewed for up to two successive 6-month periods
following the initial one year period.”  


            Farrar
and his wife remained in the home continuously, at least through April 2005,
paying the $2,500.00 monthly rent as required by the lease.  On April 25, 2005, Farrar executed an earnest
money contract and tendered it to the Harrises’ agent as required by the lease
in an attempt to exercise the option to purchase the home for the price of
$259,000.00.  The Harrises responded by
changing the purchase price to $295,000.00. 
Farrar refused the counteroffer.

            On
June 2, 2005, the Harrises filed a declaratory judgment action asking the court
to establish the rights of the parties. 
They asserted that Farrar’s right to exercise the purchase option
terminated on January 19, 2004, at the end of the second six month extension
period.  Farrar counterclaimed alleging
breach of contract.  The Harrises filed a
motion for summary judgment arguing that the lease had expired prior to Farrar’s
attempt to exercise the option to purchase. 
Therefore, they contended, the option was not available, and the
Harrises are under no obligation to sell the home to Farrar for $259,000.00.  As evidence, they relied solely on the lease.

            Farrar
also filed a motion for summary judgment. 
He argued that, at the end of the second six month renewal, the lease
automatically renewed under paragraph four of the lease and all lease
provisions, including the option to purchase, remained in full force and effect
at the time he exercised the purchase option. 
Asserting that he was never a holdover tenant, Farrar explained that he
continued to pay $2,500.00 per month, not “two times the monthly rent” as
required by paragraph 26 of the lease, which governs holdovers.  He further argued that the Harrises’ refusal
to convey the property under the terms of the purchase option constitutes
breach of contract.  Farrar requested
summary judgment against the Harrises on their declaratory relief claim and
summary judgment in his favor on his breach of contract claim.  He also asked the court to grant him specific
performance and to find the Harrises liable for contractual damages.  He then asked the court to “set a trial on
all damages which involve questions of fact.” 
As summary judgment evidence, Farrar presented the lease, the earnest
money contract, a letter from the Harrises’ attorney, and his own affidavit
explaining his version of the events.   

            The
trial court granted the Harrises’ motion for summary judgment based on its
finding that the lease had expired prior to Farrar’s exercise of the purchase
option and that, therefore, the purchase option had expired and the Harrises
are not required to sell the property for the purchase price of
$259,000.00.  The court further ordered
that Farrar must pay the Harrises’ attorneys’ fees and costs. 

 

Summary
Judgment

            In
his sole issue, Farrar contends the trial court erred in granting the Harrises’
motion for summary judgment and in denying his motion for summary
judgment.  He argues that, at the end of
the second six month renewal term, the lease automatically renewed on a month
to month basis.  Therefore, his argument
continues, the lease was still in effect at the time he exercised the option to
purchase and the Harrises breached the lease when they refused to sell the
property to him for $259,000.00.

            The
Harrises respond by arguing that paragraph 32d defined the lease term
applicable to the purchase option and that paragraph 4 dealt only with Farrar’s
tenancy and his right to remain in the residence.  They assert that paragraph 4 had nothing to
do with the option to purchase in paragraph 32.

Standard of Review

            We
review the trial court’s summary judgment de novo.  Tittizer v. Union Gas Corp.,
171 S.W.3d 857, 860 (Tex. 2005).  To prevail
on a traditional summary judgment motion, the movant must show that no genuine
issue of material fact exists and that he is entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c). 
A movant who conclusively negates at least one essential element of a
cause of action is entitled to summary judgment on that claim.  Southwestern Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002). Evidence is conclusive only if reasonable
people could not differ in their conclusions. 
City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).

            When
both parties move for summary judgment, each party bears the burden of
establishing that it is entitled to judgment as a matter of law, and neither
party can prevail because of the other’s failure to discharge his burden.  Guynes v. Galveston County, 861
S.W.2d 861, 862 (Tex. 1993); State Farm Lloyds, Inc. v. Williams,
791 S.W.2d 542, 549-50 (Tex. App.–Dallas 1990, writ denied).  We review the summary judgment evidence
presented by both parties and determine all questions presented.  City of Garland v. Dallas Morning News,
22 S.W.3d 351, 356 (Tex. 2000); Commissioners Court of Titus County v.
Agan, 940 S.W.2d 77, 81 (Tex. 1997). 
When both parties move for summary judgment, we must indulge all
reasonable inferences and resolve all doubts in favor of the losing party.  University of Tex. Health Sci. Ctr. v.
Big Train Carpet of El Campo, Inc., 739 S.W.2d 792, 792 (Tex.
1987).  We first review the order
granting summary judgment and if we determine the order was erroneous, we
review the trial court’s action in overruling the denied motion.  Lambrecht & Assocs., Inc. v. State
Farm Lloyds, 119 S.W.3d 16, 20 (Tex. App.–Tyler 2003, no pet.).  We may then either affirm the judgment or
reverse and render the judgment the trial court should have rendered.  Id.

Contract Construction

            An
appellate court reviews the trial court’s construction of a contract on a de
novo basis.  MCI Telecomms. Corp.
v. Texas Utils. Elec. Co., 995 S.W.2d 647, 650 (Tex. 1999).  When construing a written contract, courts
ascertain the intent of the parties as expressed in the instrument.  National Union Fire Ins. Co. v. CBI
Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995).  Courts examine and consider the entire
writing in an effort to harmonize and give effect to all the provisions of the
contract so that none will be rendered meaningless.  Coker v. Coker, 650 S.W.2d 391,
393 (Tex. 1983).  If there is no
ambiguity in the instrument, its construction is a question of law for the
court.  Id.  Interpretation of a contract becomes a fact
issue, to be resolved by extrinsic evidence, only when application of pertinent
rules of construction leaves a genuine uncertainty as to which of two meanings
is proper.  Id. at 394.

Discussion

            Paragraph
32a provides that “[t]enant shall have the right to purchase said property for
the purchase price of $259,000.00 any time during the lease period.  Any contracts to purchase shall be presented
through Landlord’s agent, The Pillsbury Group GMAC Real Estate.”  The specific question before us is whether
April 25, 2005, the date Farrar tendered the earnest money contract to the
Harrises, was “during the lease period” as contemplated by the parties.  We determine that it was.

            By
virtue of paragraph 3 of the lease, the lease commenced on January 19, 2002 and
the original term ended on January 19, 2003. 
Then, pursuant to paragraph 32d, the lease was renewed two times for two
six month periods.  The parties agree on
that much.  Further, the lease
automatically renewed on a month to month basis, beginning January 20, 2004,
pursuant to the plain language of paragraph 4 of the lease.  We are bound to give this provision its
plain, ordinary, and generally accepted meaning.  See Gulf Ins. Co. v. Burns Motors, Inc.,
22 S.W.3d 417, 424 (Tex. 2000).  The
Harrises argue that paragraph 4 gave Farrar the right to live in the residence
but not the option to purchase it for $259,000.00.  We disagree.

            A
general covenant to renew or extend a lease, which is silent as to the terms of
the renewal or extension, implies a renewal or extension upon the same terms
and conditions as provided in the original lease and is sufficiently definite
and certain to be enforceable.  Watley
v. Vergott, 561 S.W.2d 925, 926 (Tex. Civ. App.–Fort Worth 1978, no
writ).  As a general rule, where an
original lease or agreement to lease provides for an extension or renewal of
the lease at the tenant’s election, and the tenant elects to renew the lease or
extend its term, the time for exercising a purchase option contained in the
lease and exercisable during the term of the lease is likewise extended.  Exxon Corp. v. Pollman, 729
S.W.2d 302, 304 (Tex. App.–Tyler 1986, writ ref’d n.r.e.).  Therefore, the trial court erred in granting
the Harrises’ motion for summary judgment, ordering that the lease and purchase
option had expired prior to Farrar’s exercise of the purchase option, and
ordering Farrar to pay the Harrises’ attorneys’ fees and costs. 

            When
Farrar exercised the option, a binding, bilateral contract was formed.  Pitman v. Sanditen, 626 S.W.2d
496, 498 (Tex. 1981).  The relation of
landlord and tenant ceased and that of vendor and purchaser arose.  Id.  Thus, Farrar is entitled to specific
performance of the purchase option provision of the lease.  Id.  Accordingly, the trial court also erred in
denying Farrar’s motion for summary judgment to the extent he asked for
specific performance on his breach of contract claim.  

            Farrar’s
motion for summary judgment was a motion for partial summary judgment as to
liability on his breach of contract action. 
See Tex. R. Civ. P.
166a(a); American Motorists Ins. Co. v. Box, 531 S.W.2d 401 (Tex.
Civ. App.–Tyler 1975, writ ref’d n.r.e.). 
In his motion, he asked for a trial on the issue of damages.  Because the trial court erroneously ruled
against Farrar on the issue of liability, we remand the cause for a
determination of the amount of damages, if any, owed him including attorney’s
fees, rental reimbursement, and the cost of the fence for which he might be entitled
to reimbursement.  See Tex. R. App. P. 43.3(a).  We sustain Farrar’s sole issue.

 

Disposition

            We
reverse the trial court’s orders granting the Harrises’ motion
for summary judgment, ordering Farrar to pay their fees and costs, and denying
Farrar’s motion for summary judgment.  We
render judgment in favor of Farrar and order the Harrises to
convey the property at issue to Farrar for the purchase price of $259,000.00 as
stated in the lease.  We remand
the cause to the trial court for proceedings consistent with this opinion.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered October 17, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)